UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES LIEBER,<br><br>Defendant. | )<br>)<br>)  Case No. S1 20-cr-10111-RWZ<br>)<br>)<br>)<br>)<br>)<br>) |

### ASSENTED TO MOTION OF DEFENDANT CHARLES LIEBER TO AMEND CONDITIONS OF RELEASE

Defendant Charles Lieber respectfully requests that this Court modify its Order Setting Conditions of Release as to Charles Lieber (Dkt. #15). Professor Lieber moves to reduce the $1,000,000 cash appearance bond (Dkt. # 16) to a $400,000 cash appearance bond and instead secure a $600,000 personal recognizance bond with Professor Lieber's residence, located at 27 Hayes Avenue, Lexington, Massachusetts 02420. The government assents to the relief requested herein.

**Background**

On January 28, 2020, Professor Lieber was arrested upon a complaint and charged in two counts with violations of Title 18 United States Code, Section 1001. On January 30, 2020, Professor Lieber was admitted to bail upon his execution of a $1,000,000 cash appearance bond; the surrender of his passport and that of his wife; restricted travel; various reporting obligations; and other standard conditions. Subsequent modifications to Professor Lieber's travel restrictions and contact with certain persons were made on March 12, 2020 (Dkt. #19) and April 23, 2020 (Dkt. #24).

On June 9, 2020, a grand jury in the District of Massachusetts returned a two-count indictment charging Professor Lieber with violating Title 18 United States Code Section 1001. Professor Lieber pleaded not guilty.

On July 28, 2020, the grand jury returned a superseding indictment in six counts. Counts One and Two charge Professor Lieber with making false statements in violation of Title 18 United States Code Section 1001. Counts Three and Four charge him with Filing a False Tax Return in violation of Title 26 United States Code Section 7206(1). Counts Five and Six charge a Failure to File Report of Foreign Bank and Financial Accounts in violation of Title 31 United States Code Sections 5314 and 5322. Professor Lieber intends to plead not guilty to the superseding indictment and seek a trial date as soon as possible.

Since his release, Professor Lieber has been in full compliance with the conditions of his bail.

**The Requested Bail Modification**

At the initial preliminary examination detention hearing, the government and the defense agreed that the posting of Professor Lieber's residence would be sufficient to secure a personal recognizance bond allowing his release. However, the government and the defense also discovered a partial encumbrance on the residence, and the parties were unable to assess at the time the precise nature of the encumbrance and amount of Professor Lieber's equity in the residence versus the extent of the encumbrance on the residence. Given the uncertainty, the Court ordered the $1,000,000 cash bond.

Since the detention hearing, the documentation of the encumbrance has been identified. Ex. 1. The residence has been independently appraised at $1,475,000, Ex. 2, and the outstanding amount of the encumbrance has been calculated at $389,434.18. Ex. 3.

2

Professor Lieber now wishes to satisfy the outstanding amount of the encumbrance so that he and his spouse can own the residence outright.[1] A reduction in the cash security from $1,000,000 to $400,0000 will enable Professor Lieber to access funds to satisfy the full amount of the encumbrance on his residence and to pay other necessary expenses. Simultaneously, Professor Lieber is prepared to execute a personal recognizance bond, in the amount of $600,000, to be secured by his equity in the residence. The government will maintain its overall $1,000,000 security ($400,000 cash and $600,000 equity in the residence). That will be more than enough to secure Professor Lieber's continued return to court.

Should the Court agree to reduce the cash bail from $1,000,000 to $400,000 as requested herein, Professor Lieber will, within ten days, provide the government and the Court with documentation evidencing the satisfaction of the outstanding encumbrance on the residence.

To retain the bond solely in cash is wholly unnecessary to address the twin concerns of the Bail Reform Act, namely, (1) the reasonable assurance of the appearance of the defendant as required, and (2) the safety of any other person in the community. *See* 18 U.S.C. § 3142(c)(1)(B) (requiring the court to fashion a bail package including the "least restrictive condition or combination of conditions" that meet the twin goals of the Act). The residence is Professor Lieber's only home. He resides in it with his wife. They have both surrendered their passports. Furthermore, Professor Lieber's children and ailing mother live in nearby states. And the current public health risk posed by COVID-19 not only restricts everyone's travel, but specifically presents a grave health risk to Professor Lieber, who is immunocompromised. Professor Lieber is not a flight risk.

---

[1] There are no other lienholders or encumbrances on the residence. Ex. 4.

The government has reviewed the foregoing and assents to this Motion.  For the above reasons, Professor Lieber requests that his conditions of release be modified.

> Respectfully submitted,
>
> CHARLES LIEBER
>
> By his attorneys
>
> /s/ Torrey K. Young
> Torrey K. Young (BBO# 682550)
> Marc L. Mukasey (*pro hac admitted*)
> MUKASEY FRENCHMAN & SKLAROFF, LLP
> 140 E. 45th Street, 17th Floor
> New York, New York 10017
> (212) 466-6400
> Torrey.Young@mfsllp.com
> Marc.Mukasey@mukaseylaw.com

Dated: July 30, 2020

## LOCAL RULE 7.1(a)(2) CERTIFICATION

Counsel for the government assents to this Motion.  I hereby certify that this document will be sent by electronic mail to counsel for the government on July 30, 2020.

> */s/ Torrey K. Young*
> Torrey K. Young