# **EXHIBIT 1**



2 Grand Central Tower
140 East 45th Street, Suite 17A
New York, NY 10017

Marc L. Mukasey
212-466-6406
marc.mukasey@mfsllp.com

May 29, 2020

**By E-Mail**
Jason Casey
Assistant U.S. Attorney
United States Attorney's Office, District of Massachusetts
John Joseph Moakley U.S. Federal Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
Jason.Casey2@usdoj.gov

Re:    *United States v. Lieber*
         **20-cr-2158-MBB**

Dear Counsel:

This letter is respectfully submitted on behalf of defendant Charles Lieber.  We have received discovery on March 13, 2020; March 27, 2020; March 31, 2020; April 6, 2020; April 7, 2020; April 15, 2020; April 29, 2020; and May 1, 2020, with cover letters, documents, drives, and file transfers.

Based on our review of discovery provided thus far, we believe that there is additional information in the government's possession, custody, or control that must be provided to the defendant pursuant to the Fifth and Sixth Amendments to the United States Constitution, *Brady v. Maryland*, 373 U.S. 83, 87 (1963), *United States v. Agurs*, 427 U.S. 97, 106-07 (1976), *Giglio v. United States*, 405 U.S. 150 (1972), Fed. R. Crim. P. 16, and Local Rule 116.1 and 116.2.[1]  It is our understanding that there is a dedicated China Initiative Task Force,

---

[1] This case presents a unique posture in that, on May 29, 2020, the M.B.D. Judge allowed the government's motion, over the defendant's objection, to extend the deadline to indict from June 1, 2020 to July 3, 2020. Under these unusual circumstances, the defendant submits that the deadlines and procedures governing automatic discovery, the disclosure of exculpatory evidence, and requests for automatic discovery contained in L.R. 116.1(c)(1), 116.2(b), and 116.3(d) should not apply.

Jason Casey
May 28, 2020
Page 2

(the "China Initiative"), "which reflects the strategic priority of countering Chinese national security threats and reinforces the President's overall national security strategy.  In addition to identifying and prosecuting those engaged in trade secret theft, hacking and economic espionage, the initiative will increase efforts to protect our critical infrastructure against external threats including foreign direct investment, supply chain threats and the foreign agents seeking to influence the American public and policymakers without proper registration."  Press Release, Department of Justice, Office of Public Affairs Press, (Jan. 28, 2020), https://www.justice.gov/opa/pr/harvard-university-professor-and-two-chinese-nationals-charged-three-separate-china-related.

It is our further understanding that the China Initiative includes, but is not limited to, the Department of Justice, various U.S. Attorneys' Offices, the FBI, the U.S. Department of Health and Human Services, U.S. Department of Commerce, and U.S. Customs and Border Protection in addition to the U.S. Intelligence Community.  Additionally, it is our understanding there is a National Institutes of Health ("NIH") investigation group focused on investigating more than 180 scientists and more than 65 institutions and the reporting foreign ties (the "NIH Investigation," collectively with the China Initiative the "Task Forces").  *See* NIH Investigates Foreign Influence at U.S. Grantee Institutions, (Oct. 4, 2019), https://nihrecord.nih.gov/2019/10/04/nih-investigates-foreign-influence-us-grantee-institutions.  Accordingly, please provide all information and material in your possession and in possession of the Task Forces pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) including, but not limited to:

I.      Notice of Intent to Use Foreign Intelligence Surveillance Information

Pursuant to 50 U.S.C. §§ 1806(c) and 1825(d), the government must provide the defendant with notice of any intent to offer into evidence or otherwise disclose in any proceeding in the above captioned matter information obtained and derived from electronic surveillance and physical search conducted pursuant to FISA.

II.      Full Identity of Witnesses, Inducements to Testify, and Statements.

The government must provide the defendant with "[a]ll information concerning the existence and substance of any payments, promises of immunity, leniency, or preferential treatment, made to prospective government witnesses, within the scope of *United States v. Giglio*, 405 U.S. 150 (1972) and *Napue v. Illinois*, 360 U.S. 264 (1959)."

The government has not identified any co-defendant, cooperating witness, or confidential source or witness who will testify against the defendant at trial, nor has the government disclosed the substance of any such testimony.  Further, the government has not disclosed the addresses of such witnesses or any record of prior felony or misdemeanor convictions which reflect on the credibility of such witnesses. Finally, the government has not produced all discovery material pertaining to such witnesses, including but not limited to, all witness statements the Task Forces may have in its possession, custody, or control.

Jason Casey
May 28, 2020
Page 3

The government must immediately disclose the existence and substance of any payments, promises of immunity, leniency, preferential or other inducements made to witnesses, within the scope of *United States v. Giglio*, 405 U.S. 150 (1972), including any documents which reflect, or information concerning, any payment promised to or made to the witness, any requests by the witness for payment, or any items submitted by the witness for payment, and the dates, times and amounts of any payments or promises given, as well as any promises of immunity made to the witness and any requests by the witness for immunity. Pursuant to *Giglio*, the defendant also demands that the government produce any and all information in its custody, possession, or control, or that which could be obtained through the exercise of diligence by the government regarding impeachment material on each and every witness it plans to or may call to testify against the defendant. This also includes witnesses employed by the government, co-defendants who may be in cooperation agreements with the government or have pled guilty, independent persons employed on behalf of the government, informants, unindicted co-conspirators, and any and all other possible witnesses.

All such information regarding witnesses who will testify and information that would impeach their credibility is material to the preparation of the defense and withholding it compromises the defendant's ability to present a defense. Counsel cannot adequately investigate the witnesses or otherwise provide constitutionally effective assistance of counsel without knowing more information pertaining to who will be testifying on behalf of the government.

Because the witnesses' inducements to testify and prior statements have not been disclosed, the defendant demands immediate early production of these witnesses' Jencks Act statements so that the defendant may properly prepare for trial, and avoid any delay of trial in the event that later disclosure jeopardizes his right to confrontation and a fair trial, as guaranteed by the United States Constitution. Specifically, the defendant seeks immediate disclosure of:

a. Information concerning the statements of any cooperating co-defendant and/or confidential witness or source or other witness;

b. Pursuant to 18 U.S.C. 3500, Fed. R. Crim. P. 26.2, *Jencks v. United States*, 353 U.S. 657 (1957), and *United States v. Garcia*, 406 F. Supp. 2d 304, 305–06 (S.D.N.Y. 2005), all written notes (including rough notes) taken during all witness interviews by the government, including all notes taken during or regarding conversations with the witnesses' lawyers;

c. All text, instant and email messages, and any other written communications between the aforementioned witnesses and agents. Text messages between agents and witnesses constitute statements under *Jencks* and therefore must be disclosed to the defendant for use at trial. *See United States v. Suarez*, 2010 U.S. Dist. LEXIS 112097, at *15 (D.N.J. 2010) (text messages sent between cooperating witness and FBI agents constituted text messages made by prospective government witnesses under *Jencks*). Similarly, email, or any other form of written communication between agents and witnesses, which fits within

Jason Casey
May 28, 2020
Page 4

the definition of "statement" pursuant to Fed. R. Crim. P. 26.2 must be disclosed based on these same principles; and

d.   Pursuant to Fed. R. Crim. P. 26.2(f)(3) and 18 U.S.C. § 3500(e)(3), the grand jury testimony (1) of all witnesses who will testify in the government's case in chief and; (2) that contains Brady information, even if those witnesses will not testify at trial. Statements discoverable under *Brady* and *Jencks* include all relevant prior statements of a witness, including trial or pretrial testimony and reports which include verbatim descriptions of the witness or which have been adopted by the witness, and any and all exculpatory or impeaching information.

III.   Other Discovery Requested

A.   All information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment, within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Bagley*, 473 U.S. 667 (1985), and *Kyles v. Whitely*, 514 U.S. 419 (1995). We note the government's continuing obligation to provide any and all exculpatory and impeaching information to the defendant, including:

1.   Any other unproduced documents from the Task Force's investigative files that refer to Dr. Lieber.

2.   Any material or information which affects the credibility of any potential government witness or which would be of assistance in the cross-examination of any potential government witness, including (1) prior criminal records (including juvenile court matters or arrests which did not result in conviction), (2) any records and information revealing prior misconduct or bad acts, (3) inconsistent statements, (4) self-incriminating statements, (5) inconclusive or deceptive performance on any portion of a polygraph examination, (6) any threats, investigations, or possible prosecutions or regulatory actions pending or which could be brought against the potential witness, (7) any supervision status, (8) any pending or potential legal disputes with any local, state or federal government or agency or any self-regulating organization, contractor, or fiscal intermediary, (9) information concerning any possible motive of the potential witness in offering statements or testimony, (10) information concerning any agreements, deals, promises or inducements offered, discussed or made with a potential witness by any local, state or federal government employee, regardless of whether such employee was authorized to offer such to the potential witness, (11) sufficient identification of each occasion on which the potential witness has previously testified so that defense counsel may investigate such matters and obtain transcripts if necessary, (12) personnel and government files concerning the potential witness, and (13) whether the potential witness has

Jason Casey
May 28, 2020
Page 5

ever had his or her credibility or reliability questioned or doubted by any
court, prosecutor, law enforcement agent or regulatory agent;

3. Any material or information concerning other potential witnesses whose
testimony might tend to weaken any portion of the government's case, or
contradict any government witness, or strengthen the defense case
including potential witnesses who have been interviewed or given
testimony in connection with the Task Forces' related ongoing
investigations of fraud or espionage;

4. Any material or information which might raise questions concerning (1)
the probative value of any physical evidence which the government intends
to use at trial, or (2) the good faith or thoroughness of the investigation
conducted by any law enforcement personnel which contributed to this
indictment, or law enforcement reliance on unreliable informants or
information;

5. Any statement, testimony or physical evidence concerning alleged criminal
conduct relevant to the allegations contained in the affidavit in support of
application for criminal complaint, but that does not include reference to
the defendant. This would include, as an example, prior statements of a
potential  witness in which the potential witness was listing persons known
by him or her to have committed relevant criminal acts, where such
statement did not include reference to the defendant;

6. Any notes taken during presentations given by lawyers to members of the
Task Forces, or handouts or other materials from such presentations;

7. Transcripts from any depositions or other testimony that any potential
government witness for this case gave in any other China Initiative or NIH
Investigation proceeding; and

8. Any testimony that any potential government witness for this case gave in
any other China Initiative or NIH Investigation matter.

B. All information regarding the defendant' statements, oral and written, and prior
criminal history.

C. Any and all documents and tangible objects, which are material to the preparation of
the defense or are intended for use by the government as evidence in its case in chief.

D. Reports, examinations, and tests done by or on behalf of the government including
both employees of the government or others working on the behalf and direction of
the government.

Jason Casey
May 28, 2020
Page 6

E.  If the government intends to call any expert witnesses pursuant to Fed. R. Evid. 702, 703, or 705, the disclosure of each expert's name, address, education, training, and qualifications, as well as written summaries of testimony which the government intends to use, including each witness' opinions and the basis and reasons for each such opinion.

F.  If the government intends to seek to introduce evidence pursuant to Fed. R. Evid. 404(b), sufficient notice of any intention by the government to introduce evidence in its case in chief at trial pursuant to Fed. R. Evid. 404(b), including a description of such proposed evidence to a degree that fairly apprises the defendant of its general nature and which is sufficiently clear to permit the pretrial resolution of the issue of its admissibility.

G.  All evidence that the government intends to introduce at trial pursuant to the residual hearsay exceptions set forth in Fed. R. Evid. 803 and 804.

H.  Pursuant to Fed R. Crim. P. 12(d), complete notice of all evidence that the government intends to use at trial that was obtained via search and seizure, electronic (video/audio) interception, or through a statement made by the defendant, so that we may timely determine whether such evidence is subject to a motion to suppress.

We ask that you continue to supplement any response to these requests, as required by Fed. R. Crim. P. 16(c). Additionally, we request that you promptly notify us in writing if you are unable or do not intend to make available any material requested in this letter, providing your reason for not doing so.

Sincerely,

Mukasey Frenchman & Sklaroff LLP

Marc L. Mukasey
Torrey K. Young
*Counsel for Defendant Charles Lieber*

cc: Peter E. Gelhaar, Esq.