# **EXHIBIT 2**



**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

August 4, 2020

**VIA ELECTRONIC MAIL**

Marc Mukasey, Esq.
Torrey Young, Esq.
Mukasey Frenchman & Sklaroff LLP
2 Grand Central Tower – 17th Floor
New York, NY  10017

> RE:   United States v. Charles Lieber
>       Criminal No. 20-cr-10111-RWZ

Dear Counsel:

The government hereby responds to your letter dated May 29, 2020 requesting discovery in the above-referenced case.  This letter addresses the government's discovery obligations as they relate to the June 8, 2020 indictment.  In the next few weeks, the government will be producing automatic discovery concerning the four new charges set forth in the July 28, 2020 superseding indictment.  To the extent you wish to make additional discovery requests after receiving that discovery, please do so in a separate letter.

To begin with, your letter is dated well before the government's deadline for providing automatic discovery as set forth in Local Rules 116.1 and 116.2.  Perhaps consequently, several of your requests seek information that the government is expressly required to provide under Rule 16 of the Federal Rules of Criminal Procedure ("Rule 16") and the Local Rules.  *See* Local Rule 116.3(d) ("A defendant participating in automatic discovery should not request information expressly required to be produced under L.R. 116.1…").  As noted below and in the government's discovery letters dated July 3, 2020 and July 30, 2020, the government has already produced to you all items of automatic discovery in its possession, custody and control.

As you know, the government's discovery obligations are set forth in Rule 16 and the Local Rules of Court (Rule 116.1, among others), as well as in *Brady*, *Giglio* and their progeny.  The

Jencks Act also governs the discoverability of certain witness statements. In many instances, your letter requests materials and information that far exceed the government's discovery obligations. As articulated more fully below, the government objects to such requests.

Your letter also requests materials and information not within the government's possession, custody or control. For example, your letters refers repeatedly to the Department of Justice's China Initiative, as well as an "investigative group" at the National Institutes of Health ("NIH") "focused on investigating more than 180 scientists and more than 65 institutions and the reporting of foreign ties." Collectively, you refer to these entities as the "Task Forces." Many of the entities that, according to your letter, comprise the Task Forces—the Department of Justice, the U.S. Department of Commerce, and NIH, among others—did not participate in the investigation of the defendant. The government objects to any attempt to expand the scope of the government's discovery obligations to such entities. The government's discovery obligations extend only to the prosecuting attorneys (the U.S. Attorney's Office for the District of Massachusetts) and the agencies who participated in the investigation of the defendant (the Federal Bureau of Investigation, the Defense Criminal Investigative Service, the Air Force Office of Special Investigations, and the Department of Health and Human Services).

Without waiving these general objections, the government answers your individual discovery requests as follows:

I.    Foreign Intelligence Surveillance Information

The government is aware of its disclosure obligations under 50 U.S.C. §§ 1806(c) and 1825(d). At this time, the government does not intend to enter into evidence or otherwise use or disclose in any trial, hearing, or other court proceeding any information or other materials described in Sections 1806(c) and 1825(d).

II.   Full Identity of Witnesses, Inducements to Testify, and Statements

This section of your letter contains several discrete requests. Preliminarily, you seek information concerning "payments, promises of immunity, leniency, or preferential treatment, made to prospective witnesses…." Local Rule 116.2(b)(1) expressly requires that such information be produced in automatic discovery. Consequently, to the extent any such information exists, the government has already complied with this request. *See* July 3rd discovery letter, Item G; July 30th discovery letter, Item 2. Other than the evidence and information described in the July 3rd and July 30th discovery letters, *see id*., the government is not aware of any information or materials relating to this case of the types described in Local Rule 116.2(b)(1).

Similarly, portions of this request seek "impeachment material on each and every witness … [the government] plans to or may call to testify against the defendant." To the extent this is a request for information described in Local Rule 116.2(b)(1), the government has already complied with this request. *Id.* To the extent this request seeks information described in Local Rule 116.2(b)(2), the government will produce such materials (if any exist) no later than 21 days before trial.

This section also seeks the broad disclosure of Jencks Act statements by prospective

2

government witnesses. Specially, you seek "[i]nformation concerning the statements of any cooperating co-defendant and/or confidential witness or source or other witness;" "all written notes (including rough notes) taken during all witness interviews by the government, including all notes taken during or regarding conversations with the witnesses' lawyers;" "[a]ll text, instant and email messages, and any other written communications between the aforementioned witnesses and agents;" and "the grand jury testimony … of all witnesses who will testify in the government's case in chief." To begin with, these requests appear to seek information beyond what the government is required to produce under the Jencks Act, or any other relevant authority. To the extent any of these materials constitute "statements" discoverable under the Jencks Act, however, the government will produce them to you no later than 21 days before trial.

### III.   Other Discovery

#### A.   *Exculpatory Evidence*

At the outset, the government notes that it has already complied with its obligations under Local Rules 116.1(c)(2) and 116.2(b), which govern the disclosure of exculpatory information in automatic discovery. To the extent any of the requests in this section seek the immediate production of information described in Local Rule 116.2(b)(2), the government objects. Without waiving this general objection, the government answers your individual requests as follows:

1) The government objects to this request as overbroad and exceeding the scope of the government's discovery obligations under Rule 16 and the Local Rules. Insofar as your definition of "Task Forces" includes agencies that did not participate in the criminal investigation of the defendant, this request also seeks information that is not in the government's possession, custody or control.

2) To the extent this request can be construed as seeking information required to be produced by Local Rule 116.2(b)(1), the government has already complied with this request. Otherwise, the government objects to this request as overbroad and exceeding the scope of the government's discovery obligations under Rule 16 or the Local Rules. The government will produce the materials described in Local Rule 116.2(b)(2) no later than 21 days before trial.

3) The government objects to this request as vague, overbroad and exceeding the scope of the government's discovery obligations under Rule 16 or the Local Rules. Insofar as your definition of "Task Forces" includes federal agencies that did not participate in the criminal investigation of the defendant, this request also seeks information that is not in the government's possession, custody or control.

4) To the extent this request can be construed as seeking information required to be produced by Local Rule 116.2(b)(1), the government has already complied with this request. Otherwise, the government objects to this request as vague, overbroad and exceeding the scope of the government's discovery obligations under Rule 16 or the Local Rules.

3

5) The government objects to this request as vague, overbroad and exceeding the scope of the government's discovery obligations under Rule 16 or the Local Rules.

6) The government objects to this request as vague, overbroad and exceeding the scope of the government's discovery obligations under Rule 16 or the Local Rules. Insofar as your definition of "Task Forces" includes federal agencies that did not participate in the criminal investigation of the defendant, this request also seeks information that is not in the government's possession, custody or control.

7) The government objects to this request as vague, overbroad and exceeding the scope of the government's discovery obligations under Rule 16 or the Local Rules. Insofar as your definition of "Task Forces" includes federal agencies that did not participate in the criminal investigation of the defendant, this request also seeks information that is not in the government's possession, custody or control.

8) The government objects to this request as vague, overbroad and exceeding the scope of the government's discovery obligations under Rule 16 or the Local Rules. Insofar as your definition of "Task Forces" includes federal agencies that did not participate in the criminal investigation of the defendant, this request also seeks information that is not in the government's possession, custody or control.

B. *Evidence Concerning the Defendant's Oral and Written Statements*

To the extent you seek information required to be disclosed under Rule 16(a)(1)(B) and Rule 16(a)(1)(D), the government has already complied with this request. *See* July 3rd discovery letter, Items A.1 and A.2. Otherwise, the government objects to this request insofar as it is not limited to "relevant" written or recorded statements made by the defendant. *See* Rule 16(a)(1)(B).

C. *Documents and Tangible Objects*

Consistent with Rule 16, the government has already complied with this request. *See* July 3rd discovery letter, Item A.3.

D. *Reports, Examinations and Tests*

Consistent with Rule 16, the government has already complied with this request. *See* July 3rd discovery letter, Item A.4.

E. *Expert Disclosures*

The government has not yet determined whether it will utilize any expert witnesses in its case-in-chief at trial. Should the government form an intent to call such a witness, it will comply with its disclosure obligations under Rule

16(a)(1)(G).  Furthermore, the government expects that the Court will establish a schedule for expert disclosures and other matters at a future status conference.

F.   *Rule 404(b) Evidence*

Consistent with Local Rule 117.3(a)(4)(B), the government will provide you with a general description (including the approximate date, time and place) of any crime, wrong, or act the government proposes to use pursuant to Fed. R. Evid. 404(b) no later than 21 days before trial.

G.   *Rule 803 and 804 Evidence*

Consistent with Local Rule 117.1(a)(8)(b), the government will provide you with a list of exhibits the government intends to use in its case-in-chief at least 7 days before trial.  The government is willing to discuss an earlier deadline for the mutual production of exhibit and witness lists.

H.   *Notice of Intent to Use Evidence*

Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure states that the defendant may, "in order to have an opportunity to move to suppress evidence … request notice of the government's intent to use (in its case-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16."  In compliance with this rule, the government notifies you and the defendant that it intends to use any and all evidence previously produced to you in this case, including, but not limited to, the defendant's post-arrest statements, evidence obtained pursuant to search warrants (including evidence obtained from the defendant's home, the defendant's office, the defendant's computer and the defendant's cell phone), and evidence obtained from third parties (including Harvard University).

The government remains aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

Please call the undersigned Assistant U.S. Attorney at (617) 748-3264 if you have any questions.

Very truly yours,

ANDREW E. LELLING
United States Attorney

By:   */s/ Jason A. Casey*
Jason A. Casey
Assistant U.S. Attorney