# **EXHIBIT 4**



**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*                *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

September 28, 2020

**VIA ELECTRONIC MAIL**

Marc Mukasey, Esq.
Torrey Young, Esq.
Mukasey Frenchman & Sklaroff LLP
2 Grand Central Tower – 17th Floor
New York, NY  10017

      RE:    United States v. Charles Lieber
                 Criminal No. 20-cr-10111-RWZ

Dear Counsel:

      The government hereby responds to your letter dated September 18, 2020 requesting discovery in the above-referenced case.

      You characterize your September 18th letter as a supplement to your May 29, 2020 discovery letter, to which the government responded on August 4, 2020.  Many of the requests in your September 18th letter, however, are identical to requests made in your May 29th letter.  Notwithstanding the return of the Superseding Indictment on July 28, 2020, the government's responses to these verbatim requests are and remain the same as set forth in the government's August 4, 2020 discovery letter.  Rather than restate those responses in full here, the government directs you to the relevant portions of its August 4th letter below.  To the extent your September 18th letters makes new discovery requests, or expands discovery requests made previously, the government answers such requests below.

## Verbatim Discovery Requests

      As stated above, portions of your September 18th discovery letter are identical to portions of your May 29th discovery letter.  Specifically, Paragraph I, subparagraphs a through d of Paragraph II, and subparagraphs A.2, A.4, A.5, A.7, A.8, and B through H of Paragraph III all

appear to restate discovery requests made in your May 29th letter. Notwithstanding the return of the Superseding Indictment, the government's responses to these requests have not changed since the government's August 4, 2020 discovery letter. Thus, in answering these specific requests, the government refers you to its August 4th discovery letter – in particular, paragraph I, subparagraphs a through d of paragraph II, and subparagraphs A.2, A.4, A.5, A.7, A.8, and B through H of Paragraph III.

### New and/or Expanded Matters

While your September 18th letter largely mirrors your May 29th letter, it includes new content on two fronts.

First, your letter provides additional argument in support of your reiterated request for "Task Force related discovery." We continue to disagree with your contention that the government's discovery obligations extend to searching the files of agencies that did not participate in the investigation of the defendant, and about which the prosecution team otherwise lacks knowledge and access. The government has (and will continue to, as appropriate) produce discovery from those agencies "formally participating in the criminal investigation that resulted in the case," as suggested by Local Rule 116.8, to which you cite. The government is not obligated to seek out discoverable or potentially discoverable information from individuals or agencies that are not part of the prosecution team and about which the prosecution team lacks knowledge. *See, e.g.*, *United States v. Bender*, 304 F.3d 161, 164 (1st Cir. 2002) ("Neither the relevant Supreme Court precedent under *Brady* nor our decision in *Osorio* requires a prosecutor to seek out and disclose exculpatory or impeaching material not in the government's possession. To comply with *Brady* the individual prosecutor has a duty to find any evidence favorable to the defendant that was known to those acting on the government's behalf."); *see also, e.g.*, *United States v. Avellino*, 136 F.3d 249, 255 (2d Cir. 1998 ("[T]he imposition of an unlimited duty on a prosecutor to inquire of other offices not working with the prosecutor's office on the case in question would inappropriately require us to adopt 'a monolithic view of government' that would 'condemn the prosecution of criminal cases to a state of paralysis.'") (internal citation omitted).

In your letter, you also speculate that prosecutors and/or agents who have participated in this case must have participated in "other investigations concerning the Thousand Talents Plan and the China Initiative." Even if true, this fact alone does not support the conclusion that discoverable information must therefore exist — indeed, you have not identified any specific materials that you think *might* exist — nor does it establish that the government has an affirmative obligation to search the investigative files of other cases wholly unrelated to this one. For this and the other reasons set forth above and in the government August 4th letter, your request for so-called "Task Force related discovery" falls well outside the government's discovery obligations.

Second, your letter makes the following new and/or slightly modified requests, which the government answers as follows:

- **Paragraph II.e –** this paragraph requests "the bank, tax and payment information that the government subpoenaed to the grand jury." The government objects to this request as overbroad and exceeding the scope of the government's discovery obligations under Rule

16 and the Local Rules.  Notwithstanding this general objection, all materials responsive to the request have already been produced.

- **Paragraph II.f –** this paragraph requests "information concerning statements of any payments made by or settlement discussions with Harvard University."  The government objects to this request as vague and exceeding the scope of the government's discovery obligations under Rule 16 and the Local Rules.  To the extent this request seeks the immediate production of information described in Local Rule 116.2(b)(2), the government objects.

- **Paragraph III.A.1 –** this paragraph requests any "unproduced documents from investigative files that refer to Dr. Lieber including but not limited to any Intelligence Community (IC) files, bank account files or tax files" that may be favorable to the defendant.  To begin with, the government objects to this request as vague, overbroad, and exceeding the scope of the government's discovery obligations under Rule 16 and the Local Rules.  This request is similar to the request in the same subparagraph in your May 29th letter, except that it replaces "Task Force's investigative files" with the vague and undefined phrase "investigative files," followed by a references to "Intelligence Community (IC) files, bank account files or tax files."  Insofar as this request seeks information from agencies that did not participate in the criminal investigation of the defendant and about which the prosecution team otherwise lacks knowledge, the government reiterates its breadth objection as discussed above.  Furthermore, to the extent this request also seeks the immediate production of information described in Local Rule 116.2(b)(2), the government objects.  Without waiving these objections, the government notes that it has already complied with its obligations under Local Rules 116.1(c)(2) and 116.2(b), which govern the disclosure of exculpatory information in automatic discovery.

- **Paragraphs III.A.3 and III.A.6 –** these requests are nearly identical to requests made in your May 29th letter, except that you have removed "Task Forces'" from your reference to "related ongoing investigations" in paragraph III.A.3, and you have replaced "Task Forces" with "China Initiative or NIH Investigation" in paragraph III.A.6.  Notwithstanding these changes, the government continues to object to these requests as vague, overbroad and exceeding the scope of the government's discovery obligations under Rule 16 or the Local Rules.  Without waiving this objection, the government notes that it has already complied with its obligations under Local Rules 116.1(c)(2) and 116.2(b).

\* \* \* \*

3

The government remains aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

Please call the undersigned Assistant U.S. Attorneys at (617) 748-3100 if you have any questions.

Very truly yours,

ANDREW E. LELLING
United States Attorney

By: */s/ Jason A. Casey*
Jason A. Casey
J.R. Drabick
Assistant U.S. Attorneys