UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 20-cr-10111-RWZ |
| ) | |
| CHARLES LIEBER, ) | |
| ) | |
| Defendant. ) | |

## STIPULATED PROTECTIVE ORDER

Upon motion of the government and with the assent of the defendant, Charles Lieber ("Lieber" or "the defendant"), this Court finds that restrictions are necessary to protect the confidentiality of certain information and **ORDERS** pursuant to Rule 16(d)(1) that the defendant and his counsel, and the government, are hereby bound to the following restrictions with regard to certain of the government's discovery materials:

1. For the purpose of this order, "discovery materials" means all items produced by the government in discovery. The "defense team" means the defendant, his counsel and their staff, and any experts retained by the defendant or his counsel.

2. Only members of the defense team may view the discovery materials. The defense team will not disseminate the discovery materials to persons not a party to, or involved in, this case. The defense team shall use all discovery materials exclusively in connection with this case, including investigation, trial preparation, trial, and appeal and post-conviction litigation. All discovery materials shall be maintained by the defense team in a place and manner such that only members of the defense team have access to them. A copy of this protective order shall be kept with the discovery materials at all times.

3. The defendant and defense team, and the government, will not publicly post, publish or in any way disseminate any of the discovery materials on the Internet, in a newspaper or in any media platform, whether it be electronic or not.

4. The defense counsel will only provide copies of the discovery materials to those persons employed by defense counsel who are necessary to assist counsel in preparation for trial, appeal or post-conviction litigation, and to such persons as the defense counsel deems necessary to further legitimate investigation and preparation of this case.

5. No person, including the defendant, who receives or reviews any sensitive government discovery materials subject to this Order shall use such material in any way except to assist counsel for the defendant in the investigation or preparation of this case, and shall not disseminate such material in any way to any other person or entity, except as provided for in this Protective Order.

6. Prior to making any authorized disclosures under this Order, the defense counsel shall make any person to whom they wish to disclose the sensitive government discovery material aware of this Order and provide them a copy of it. In addition, prior to making any authorized disclosures under this Order, the defense counsel shall ensure that any person with whom they share the sensitive government discovery materials agrees to abide by the terms of this Order.

7. At the conclusion of this criminal matter, the defendant and his counsel shall return the sensitive discovery materials to the government. The defense counsel shall also destroy any derivative contents of such sensitive government discovery materials, *i.e.*, translations of e-mails or documents (if any exist), other than attorney work product.

8. Any modification of this Protective Order will only be done by order of the Court.

**SO ORDERED**.

*Marianne B. Bowler (USMJ)*
HON. MARIANNE B. BOWLER
United States Magistrate Judge

Date: October 1, 2020