UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v.   ) <br> ) <br> CHARLES LIEBER   ) <br> ) <br> Defendant.   ) <br> ) | Case No. 1:20-cr-10111-RWZ |

**ASSENTED-TO MOTION FOR EXCLUSION
OF TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America, through the undersigned Assistant U.S. Attorney, respectfully moves this Court to exclude the period from January 28, 2021, through and including the next status conference date from the time within which the trial must commence under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(1)(D) and (h)(7)(A), and Local Rule 112.2(c). Contemporaneous herewith, the government has filed an assented-to motion to continue the January 28, 2021 status conference for approximately thirty day in order to allow additional time for certain pre-trial discovery matters and for discussion regarding potential resolution of this matter. *See* ECF No. 116.  In further support of this motion, the government states as follows.

The defendant has been charged by Superseding Indictment with making false statements, making and subscribing false tax returns, and failing to file reports of foreign bank and financial accounts.  He was arraigned on July 30, 2020 and pleaded not guilty.  The most recent status conference was held on October 16, 2020, during which the Court scheduled an interim status conference on November 16, 2020.  The government thereafter filed consecutive assented-to motions to continue the next status conference dates in order to allow additional time for certain pre-trial

discovery matters. *See* ECF Nos. 83, 95. The Court granted the motions by minute order and set January 28, 2021 as the next status conference date *See* ECF Nos. 84, 96.

In connection with the parties' assented-to motions, the parties also agreed to exclude the time between the existing and new status conference dates from the time within which trial must commence under the Speedy Trial Act. In addition to granting the parties' motions to continue, the Court entered orders of excludable delay for the periods (i) July 30 through September 16, 2020 and (ii) October 16, 2020 through January 28, 2021. *See* ECF Nos. 43, 80, 109.

With the assent of the defendant, the government asks the Court to enter an order excluding from the speedy trial computation the period from January 28, 2021 through and including the next status conference date, which the parties have requested be set for approximately 30 days in the future. This period constitutes "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," and the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

        Respectfully submitted,

        ANDREW E. LELLING
        United States Attorney

By:   */s/ James R. Drabick*
       JASON A. CASEY
       JAMES R. DRABICK
       Assistant United States Attorneys

CERTIFICATE OF SERVICE

I hereby certify that this document was filed on January 27, 2021, through the ECF system, which will provide electronic notice to counsel as identified on the notice of Electronic Filing.

        */s/ James R. Drabick*
        James R. Drabick
        Assistant United States Attorney