```
 1              UNITED STATES DISTRICT COURT

 2               DISTRICT OF MASSACHUSETTS

 3                        No. 1:20-cr-10111-RWZ-1

 4

 5   UNITED STATES OF AMERICA

 6

 7   vs.

 8

 9   CHARLES LIEBER

10

11                   * * * * * * * *

12

13            For Telephone Hearing Before:
               Magistrate Judge Marianne B. Bowler
14

15                   Status Conference

16

17            United States District Court
               District of Massachusetts (Boston.)
                One Courthouse Way
18              Boston, Massachusetts 02210
                Friday, March 26, 2021
19

20                   * * * * * * *
21

22

          REPORTER: RICHARD H. ROMANOW, RPR
23              Official Court Reporter
               United States District Court
24    One Courthouse Way, Room 5510, Boston, MA 02210
                bulldog@richromanow.com
25
```

```
1                  A P P E A R A N C E S

2

3    JASON A. CASEY, ESQ.
     JAMES R. DRABICK, ESQ.
4    EVAN D. PANICH, ESQ.
        United States Attorney's Office
5       One Courthouse Way, Suite 9200
        Boston, MA 02210
6       (617) 748-3264
        E-mail: Jason.casey2@usdoj.gov
7       For the United States of America

8

9    MARC L. MUKASEY, ESQ.
     TORREY K. YOUNG, ESQ.
10      Mukasey Frenchman & Sklaroff, LLP
        2 Grand Central Tower
11      140 East 45th Street, 17th Floor
        New York, NY 10017
12      (212) 466-6400
        Email: Marc.mukasey@mfsllp.com
13      For the Defendant

14

15

16

17

18

19

20

21

22

23

24

25
```

1      P R O C E E D I N G S

2      (Begins, 2:30 p.m.)

3      THE CLERK:  The United States District Court for

4  the District of Massachusetts is now in session, the

5  Honorable Marianne B. Bowler presiding.  Today is March

6  26th, 2021 in the case of the United States versus

7  Lieber, Criminal Action 20-10111, which will now be

8  heard.

9      Just as a reminder to everyone on the phone call.

10  Any recording or rebroadcasting of this court proceeding

11  is prohibited and doing so may result in sanctions as

12  deemed appropriate or necessary by the Court.

13      So with that, before I have counsel identify

14  themselves for the record, I will ask, um, defiantly

15  that, um, those who speak please identify themselves

16  before they do so for the benefit of the Court Reporter.

17      So counsel, please, for the government first.

18      MR. CASEY:  Good afternoon, Your Honor, Jason

19  Casey, J.R. Drabick, and Evan Panich, for the United

20  States.

21      THE COURT:  Thank you.

22      MR. MUKASEY:  Good afternoon, your Honor, this is

23  Marc Mukasey for the defendant, Charles Lieber.  Joining

24  me is my partner, Torrey Young, our colleague, Katherine

25  Dyce, and Dr. Lieber is on the phone as well.

1      THE COURT:  Thank you.  Since this is just a

2  status conference, I will not go through the covid

3  colloquy.

4      All right, Mr. Casey, bring me up to date, where

5  is the discovery?

6      MR. CASEY:  So, your Honor, the government's

7  position, as it has been for sometime, is that the

8  discovery is complete but for the ongoing attorney-

9  client privilege issue, which I know you're all aware

10  of, however we did receive a discovery letter from the

11  defense on Wednesday evening, so a little less than 48

12  hours ago now, which we were surprised to receive I

13  think for several reasons.

14      First, you know we've represented jointly to the

15  Court several times over the past several months, um,

16  including most recently in February, that the discovery

17  was complete, again but for the privilege issue.  But

18  furthermore, you know, it's the government's view, based

19  upon its initial reading of the letter, that you know a

20  lot of these requests, if not all of them, could have

21  and should have been made much earlier in the case, and

22  in fact one of the requests cites to documents that the

23  government produced more than a year ago.  And I think

24  at least portions of the letter make requests that are

25  substantially similar to requests that the defense made

1    earlier in the case in which this Court rejected.

2         I don't say all of this in order to get into a

3    dispute today with the defense about the merits of the

4    requests, um, but simply to express to the Court that

5    the government is eager to push this case forward,

6    including to a trial if that's necessary.  We'll

7    certainly make every effort to respond to the defense's

8    letter as quickly as possible, um, I think by early next

9    week sometime.  And then based upon our conversations

10   with the defense yesterday, should they elect to file a

11   motion in response to our letter, um, it sounds like

12   they'll be able to do so in short order and we'll turn

13   around our response to that quickly as well.

14        But again we're, you know, eager to move past the

15   discovery phase to the other important phases of this

16   case as quickly as possible.  That's the status from our

17   perspective, Judge.

18        THE COURT:  Thank you.

19        Well, Mr. Mukasey, what do you have to say

20   particularly about something that's already been

21   produced?

22        MR. MUKASEY:  Well, Judge, I'm going to ask for

23   your indulgence just for a moment so I can explain the

24   letter to the government, um, and I would like the Court

25   to be aware that Ms. Young and I and Dr. Lieber are

1    quite mindful of Local Rule 116.3(j) regarding

2    subsequent discovery requests.  But of course, um, we

3    have to balance that against our ongoing duty to

4    Dr. Lieber and the defense to explore every reasonable

5    path that might lead to information that's material to

6    the defense or that qualifies as *Brady* material.

7            And I should point out that the letter that we

8    sent to the government on Wednesday characterizes our

9    request as potentially *Brady* material.  And obviously we

10   take both the local rules and our obligations to the

11   client and our constitutional obligations with the

12   utmost seriousness and solemnity.  We're not trying to

13   throw sand in the gears here at all.  And I appreciate

14   Mr. Casey's desire to move this case along, which I'm

15   going to address in one moment.  But the information

16   that we're asking for now, whether you characterize it

17   as Rule 16 discovery or whether you characterize it as

18   *Brady* material, is information the significance of which

19   and/or the availability of which did not become apparent

20   until quite recently, it's based on new information

21   that's come to light or information that has been around

22   but has newly-discovered significance.  And in our

23   letter to the government, taking heed of 116.3(j), it

24   specifically states that it is this new information or

25   significance of previously-present information that

```
1    prompted this request.
2         And I should say for the record, um, delay and
3    dawdling and procrastinating and stalling and retreading
4    ground that has previously been trodden is not our
5    purpose here.  Professor Lieber frankly does not have
6    time for delay, stalling, and procrastination, he has --
7    and this is obviously known publicly at this point, he
8    has a very advanced form of lymphoma, his body is self-
9    destructing, his PET scans are lighted up with cancer,
10   and conventional treatments have failed.
11        So with one hand we are trying to uncover
12   information that we think is either **Brady** and/or Rule
13   16, which we'll be happy to brief, um, with one hand
14   we're fighting this case and with the other hand we're
15   fighting Harvard in state court to pay attorneys fees so
16   that Professor Lieber might be able to afford
17   experimental treatment that would keep him alive to face
18   this criminal trial, which we want to occur as soon as
19   possible.  So delay does not benefit us.  Delay may very
20   well benefit those who don't want their own conduct to
21   be laid bare at trial, but it certainly doesn't benefit
22   us.  Our foot is on the gas.  And we believe -- and
23   we've laid it out in a letter to Mr. Casey and
24   Mr. Drabick, that the information that we seek is, um,
25   either based on new information or based on, um,
```

1   information that may have been present previously, but

2   the significance of which is heightened given our

3   ongoing investigation.

4        So, um, we are mindful again of the local rule and

5   of the Court's prior ruling with respect to discovery,

6   but this is certainly part of our constitutional

7   obligation to ask for what may be material to the

8   defense and/or **Brady** material.

9        THE COURT:  Well that's understood.  But the

10  government is saying there are things in this request

11  that have already been produced to you?

12       MR. CASEY:  Well not necessarily things that have

13  been produced, your Honor, but, um --

14       (Interruption by Court Reporter.)

15       MR. MUKASEY:  I'm sorry, your Honor, this is Jason

16  Casey, your Honor.  I apologize.

17       You know not necessarily that some of the

18  documents they're requesting have already been produced,

19  but that they've already requested this information in

20  an earlier discovery letter and in a motion to the Court

21  and the Court denied the request.

22       THE COURT:  All right, that's sufficient.

23       MR. CASEY:  That's how the government views it.

24       THE COURT:  All right.  Well those are all --

25       How long will it take the government to respond?

1          MR. CASEY:  I think by Wednesday of next week we

2     should have, um, a letter response to the defense.

3          THE COURT:  Well then I would suggest another

4     conference in 30 days.  And if you're not satisfied with

5     the response, you can file your motions to compel in the

6     meantime.

7          MR. MUKASEY:  Fair enough, Judge.  Thank you.

8          THE COURT:  All right.

9          So I'm looking at April 28th at 3:00.  Oh, no, I

10    have a plea.  April 28th at 2:00.

11         MR. MUKASEY:  Thank you, your Honor.  This is

12    Mr. Mukasey.  And on behalf of the defense, we consent

13    to the exclusion of time until that date.

14         THE COURT:  From today till the 28th of April in

15    the interests of justice, correct?

16         MR. MUKASEY:  Yes, your Honor.

17         THE COURT:  All right.

18         And, Mr. Casey, will the government file an

19    assented-to motion to that effect?

20         MR. CASEY:  Yes, your Honor, we will.

21         THE COURT:  All right.  Let's see if we can sort

22    out the discovery issues and get them resolved.  It

23    might help you to have a meet and confer.  So I would

24    think about that.

25         MR. CASEY:  Thank you, Judge.  Thank you.

1          THE COURT:  All right, we stand in recess.  And

2     please stay well and stay safe.

3          (Ends, 2:45 p.m.)

4

5                    C E R T I F I C A T E

6

7          I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER, do

8     hereby certify that the forgoing transcript of the

9     record is a true and accurate transcription of my

10     stenographic notes, before Magistrate Marianne B.

11     Bowler, on Friday, March 26, 2021, to the best of my

12     skill and ability.

13

14

15     /s/ Richard H. Romanow 04-01-21

16     _____

       RICHARD H. ROMANOW  Date

17

18

19

20

21

22

23

24

25