UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>            Plaintiff,<br><br>    v.<br><br>ELIZABETH A. HOLMES,<br><br>            Defendant. | Case No. 18-cr-00258-EJD-1 (NC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DETERMINE THAT DEFENDANT LACKS INDIVIDUAL PRIVILEGE INTEREST IN DISPUTED DOCUMENTS**<br><br>Re: ECF 559 |

The government seeks to have certain Theranos corporate documents deemed admissible for trial against Defendant Elizabeth A. Holmes. Holmes opposes admission asserting that the documents are confidential communications with her attorney subject to her individual attorney-client privilege. After a careful review of the briefing and documents in dispute, the Court GRANTS the government's motion and deems all thirteen documents admissible in light of the Theranos Assignee's waiver of corporate privilege.

## I. BACKGROUND

In 2011, Boies Schiller Flexner LLP ("BSF") began representing Holmes and Theranos in an intellectual property dispute. ECF 619 at 6. After the representation began, BSF continued to offer Holmes and Theranos a variety of legal services in relation to Theranos' patent portfolio, press interactions, and inquiries from government agencies and departments. *Id.* at 6-8. Despite the breadth and duration of BSF's involvement, Holmes and BSF did not sign an engagement letter or establish any formal guidelines

describing the scope of BSF's legal representation. *Id.* at 6. Holmes believed that BSF and BSF partner, David Boies, were her attorneys up to the point when she retained separate counsel to represent her in the Securities and Exchange Commission and Department of Justice investigations into Theranos in 2016. *Id.* at 8.

In June 2020, the government served Holmes with its Exhibit List for trial, which included thirteen documents that Holmes claims implicate her attorney client privilege. ECF 559 at 5, ECF 619 at 5. The government worked with the Theranos Assignee, "the controller of any remaining Theranos corporate privilege," to handle the documents. ECF 559 at 4. Holmes' claim for attorney client privilege is predicated on her understanding that Boies and BSF jointly represented Theranos and Holmes as an individual, not as a representative of the company. ECF 619 at 5. The government contests this assertion, insisting that there was no joint representation, so the documents are subject only to corporate privilege. ECF 559 at 5.

On November 20, 2020, the government moved for an order establishing that Holmes lacks an individual privilege interest in Theranos' corporate documents. ECF 559. Holmes opposed the motion. ECF 619. I held a hearing on the motion on December 16, 2020. ECF 647. At the hearing, the Court ordered Holmes to submit a privilege log and the disputed documents for in camera review. *Id.*

## II. DISCUSSION

### A. Attorney Client Privilege

Attorney-client privilege is the oldest common law privilege for confidential communications. *Upjohn Co. v. U.S.*, 449 U.S. 383, 390 (1981). "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id.* Information is covered by attorney-client privilege:
> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself of by the legal adviser, (8) unless the protection be waived.

2

*U.S. v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (citing *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 n.2 (9th Cir. 1992)). Communications between a lawyer and their clients are presumed confidential; the burden to prove otherwise is on the party seeking disclosure. *Id.* at 609 (citing *Gordon v. Superior Court of L.A. County*, 55 Cal. App. 4th 1546, 1565 (1997)).

### B. Joint Representations for Privilege Purposes

Holmes opposes the government's motion on the grounds that Boies and BSF jointly represented her and Theranos. ECF 619 at 13. The parties disagree on whether the Court should apply a subjective belief test or the *Graf* test. *See id.* at 13; *see also* ECF 559 at 8. Following Ninth Circuit case law, the Court applies the *Graf* test. *See e.g., Waymo LLC v. Uber Techs., Inc.*, Case No. 17-cv-00939-WHA (JSC), 2017 U.S. Dist. LEXIS 88411*, at *16-17 (N.D. Cal. June 8, 2017), *United States v. Roscoe*, Case No. 07-cr-00373-RMW, 2010 U.S. Dist. LEXIS 149186*, at *6 (N.D. Cal. Mar. 17, 2009). At the December 16, 2020 hearing, Holmes argued that the Court should not use the *Graf* test because it does not apply to this case. The Court disagrees for three reasons.

First, contrary to Holmes' assertion, the Ninth Circuit's discussion of two joint representation tests in the *Graf* opinion does not limit the *Graf* test's application to specific cases. The *Graf* opinion describes the two possible tests for joint representation—the *Bevill* test and the subjective belief test—but after extensive discussion of policy and the case law in other circuits, the Ninth Circuit unambiguously chose to adopt the *Bevill*/*Graf* test. *U.S. v. Graf*, 610 F.3d 1148, 1161 (9th Cir. 2010).

Second, the facts of *Graf* are analogous to this case. Like Holmes, Graf was indicted for his involvement in the fraudulent operation of a company. *Graf*, 610 F.3d at 1152. Like Holmes, Graf was the founder of the company, and he sought to exclude the testimony of attorneys who represented the company by asserting his individual attorney-client privilege. *Id.* Although Graf was not listed as an employee of the company, the Ninth Circuit determined that this classification was an effort to circumvent several cease-and-desist orders against him so it treated Graf as a "functional employee, not an

3

independent outside consultant." *See id.* at 1153, 1159. These factual parallels reinforce that even if the *Graf* test did not apply to *all* joint representation disputes, *this* case would fall within its purview.

Finally, Holmes argues that *Graf* does not apply here because *Graf* addresses the question of formation while *In re Teleglobe Communications Corp.*, 493 F.3d 345, 378 (3rd Cir. 2007), addresses the question of scope. The Court disagrees with this characterization of the cases. To demonstrate: envision a Venn diagram with one circle for "company legal matters," another circle for "individual legal matters," and a small area of overlap for "common interests." The *Graf* test establishes that communications with corporate counsel about "individual legal matters" are controlled by the individual's privilege. *See Graf*, 610 F.3d at 1160. *Teleglobe* states that communications in the overlapping "common interests" area are controlled by the individual's privilege *and* the company's privilege. *Teleglobe*, 493 F.3d at 378. Because the two tests govern different parts of the diagram, they are not conflicting tests that apply at different times; rather they work together to define who holds the privilege for what at any moment. Aside from the fact that the *Teleglobe* decision is not binding on this Court, it does not apply to this case because Holmes asserts that the documents at issue regard her individual legal matters, not "common interests." *See* ECF 619 at 15-16. Therefore, the Court must apply the Ninth Circuit's *Graf* test.

### 1. The *Graf* Test

*Graf* requires the person seeking to assert individual privilege to satisfy all of the following factors to establish a joint representation:

> *First*, they must show they approached counsel for the purpose of seeking legal advice. *Second*, they must demonstrate that when they approached counsel they made it clear that they were seeking legal advice in their individual rather than in their representative capacities. *Third*, they must demonstrate that the counsel saw fit to communicate with them in their individual capacities, knowing that a possible conflict could arise. *Fourth*, they must prove that their conversations with counsel were confidential. And *fifth*, they must show that the substance of their conversations with counsel did not concern matters within the company or the general affairs of the company.

4

*Graf*, 610 F.3d at 1160. Before analyzing admissibility of the exhibits, the Court must first apply *Graf* to determine if Holmes has an individual privilege to assert.

### 2. The *Graf* Test Applied

The Court finds that Holmes fails to establish a joint representation because she cannot satisfy the second, fourth, and fifth elements of the *Graf* test. To satisfy the *Graf* test, Holmes must show that when she approached Boies and BSF for legal advice, she made it clear that she was seeking legal advice in her personal capacity. *See Graf*, 610 F.3d at 1160. Holmes fails to make this showing. In her opposition, Holmes insists that "Boies Schiller's representation of Ms. Holmes (in addition to Theranos) is a matter of public record and thus there is no relationship to be implied," but she is unable to point to any documents supporting this allegedly obvious joint representation. ECF 619 at 13. Holmes admits that "there was no engagement letter relating to Mr. Boies' or his firm's representation of Ms. Holmes and/or Theranos." *See id.* at 6. And Holmes does not point to any financial records showing that she paid Boies or BSF from her own accounts, not Theranos'. *See id.*; *see also Graf*, 610 F.3d at 1161 (weighing the fact that the company, not Graf, paid the firm's bills against a finding that Graf had a joint representation[1]). Holmes heavily relies on her belief that Boies and BSF jointly represented her and Theranos, however, Holmes' subjective belief is not the standard. The standard is a "clear" communication that the individual sought legal advice as an individual, not as a representative of the company; and on that Holmes falls short. *See Graf*, 610 F.3d at 1160.

Holmes also cannot show that her conversations with Boies and BSF were confidential. *See Graf*, 610 F.3d at 1160. None of the contested documents include conversations exclusively between Holmes and Boies or BSF. Holmes argues that "with one exception, the communications are between Ms. Holmes or other senior Theranos

---

[1] At the December 16, 2020 hearing, Holmes argued that the payment of legal fees is not an issue here because companies routinely enter into agreements to pay legal fees for the joint representation of a company officer. Holmes stated that, "there's an indemnification agreement that obligated Theranos to pay legal fees for Ms. Holmes in connection with joint representation." ECF 655 at 33. However, beyond this assertion, Holmes has not provided evidence of such an agreement to the Court.

5

employees, Theranos in-house attorneys, and Boies Schiller attorneys." ECF 619 at 18. However, if Holmes is arguing that she sought individual legal advice, the presence of Theranos employees and attorneys destroys the privilege.

Lastly, Holmes fails to show that that the substance of her conversations with Boies and BSF did not concern matters within the general affairs of the company. *See Graf*, 610 F.3d at 1160. None of the contest exhibits discuss Holmes' individual legal interests. All thirteen documents related to her "official duties" or the "general affairs" of the company like conversations with investors, billing, and media strategy. *See Graf*, 610 F.3d at 1162.

In sum, the Court finds that Boies and BSF did not jointly represent Holmes and Theranos because Holmes does not satisfy the second, fourth, and fifth factors of the *Graf* test. Therefore, the holder of attorney-client privilege over the contested documents Theranos' Assignee, and admissibility of the documents hinges on their waiver of corporate privilege. *See Commodity Futures Trading Com v. Weintraub*, 471 U.S. 343, 349 (1985) (finding that "when control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well.").

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS the government's motion and finds that the thirteen disputed documents, labeled as Exhibits 1-13 in ECF 559-12, are not subject to Holmes' individual privilege. The documents are only subject to the Theranos Assignee's corporate privilege, which the Assignee has waived. *See* ECF 559 at 3 ("The Assignee has informed the government that it will not assert privilege over the materials addressed by this motion.") Thus, the Court deems Exhibits 1-13 admissible.

**IT IS SO ORDERED.**

Dated: June 3, 2021

_____
NATHANAEL M. COUSINS
United States Magistrate Judge