UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                        )      Case No. 20-cr-10111-RWZ<br>)<br>CHARLES LIEBER,                             )<br>)<br>    Defendant.                                    )<br>)| |

**DEFENDANT CHARLES LIEBER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION *IN LIMINE* TO PRECLUDE: (1) ███████████████████ ███████████ ; (2) EXPERT TESTIMONY RELATING TO THOUSAND TALENT PROGRAMS AND ███████████████████ ; AND (3) CHINESE-TO-ENGLISH TRANSLATIONS OF DOCUMENTS AND TANGIBLE ITEMS**

**PRELIMINARY STATEMENT**

Defendant Charles Lieber respectfully submits this Memorandum of Law in support of his motion *in limine* to preclude the government from offering in evidence (1) ███████ ████████████████████████████████████████████ ; (2) "expert" testimony regarding the Chinese government's economic policies that is irrelevant and unfairly prejudicial; and (3) Chinese-to-English translations of documents and tangible items, as to which the government cannot lay an evidentiary foundation and which are irrelevant.

**BACKGROUND**

In Counts One and Two of the Superseding Indictment Charles Lieber is charged with making false statements regarding China's Thousand Talents Program ("TTP").[1] *See* ECF 35 at

---

[1] Counts 1 and 2 of the Superseding Indictment charge Professor Lieber with False Statements pursuant to 18 U.S.C. § 1001(a)(2).  Counts 3 and 4 charge Professor Lieber with Filing False Tax Returns (26 U.S.C. § 7206(1)) and

1

13-14. As to Count One, it is alleged that Professor Lieber falsely stated "he was never asked to participate in China's Thousand Talents Program, and that he 'wasn't sure' how China categorized him" (Count 1). As to Count Two, it is alleged that he falsely stated that he "'[wa]s not and has never been a participant in' China's Thousand Talents Program" (Count 2)). According to the government, Professor Lieber had "been asked by representatives of Wuhan University of Technology ("WUT") in China to participate in China's Thousand Talents Program, and in or about July 2012, signed a three-year contract with WUT entitled "Employment Contract of 'One Thousand Talent' High level Foreign Expert." ECF 35 at 13.

In support of Counts One and Two, the government seeks to introduce three types of inadmissible evidence. First, the government seeks to introduce an ███████████ ███████████████████████████████████████████████, attached hereto as Ex. A. Second, the government seeks to prop up this ███████████████████ with irrelevant and prejudicial "expert" testimony ███████████████████ ███████████████████████████████████. *See* Government Expert Disclosure Letter, Ex. B. Third, the government intends to introduce English translations of portions of this ███████████████████████, as well as Chinese-to-English translations of other documents and materials, as to which no evidentiary foundation can be laid.

As set forth below, all three categories of proof should be excluded.

**POINT ONE**

**THE GOVERNMENT SHOULD BE PRECLUDED FROM INTRODUCING IN EVIDENCE A DOCUMENT THAT CANNOT BE AUTHENTICATED AND IS** █
███████████████████████████████████████████████████

---

Counts 5 and 6 charge him with Failure to File Reports of Foreign Bank and Financial Accounts (31 U.S.C. §§ 5312, 5322(a)).

2

The Superseding Indictment alleges Professor Lieber's statements concerning the Thousand Talents Program were false, in part because "…in or about July 2012, [Lieber] signed a three-year contract with WUT entitled "Employment Contract of 'One Thousand Talent' High Level Foreign Expert." ECF 35 at 13.  At trial, the government will attempt to introduce a ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████

*See* Ex. A.  ████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

As a threshold matter, the document cannot be authenticated. *See* Fed. R. Evid. 901.  To our knowledge, the person in China ████████████████████████████████ ██████████████████ will not testify at trial.  The defense will not have an opportunity to cross-examine the drafter and/or sender.  It is ████████████████████, and it has ██████ ████████████████████████.

The document is also rank hearsay. *See* Fed. R. Evid. 801.  There is ████████████ ████████████.  There is ██████████████████████████████████.  There is ██████████ ████████████████████████████████████████.  There is ██████████████████ ████████████████████████████████████████████████████████████████████.

There is ████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

███████. At bottom, ████████████████████████████████████████

████████████

As a hearsay ██████████████████ cannot be admitted to prove the truth of the matters asserted therein – *i.e.*, that Professor Lieber was required to, or did, perform the actions set forth in the document or acted in conformity with the document's terms. *See e.g., United States v. Markopoulos*, 848 F.2d 1036, 1039 (10th Cir. 1988)(rental car contract seized from defendant was inadmissible hearsay and could not be used to prove the defendant rented the car); *Hernandez v. Apple Wholesalers of Waterbury LLC*, 460 F.Supp.3d 164, 179 (D. Conn. 2020) (contract and purchase order were inadmissible hearsay that could not be used to prove that payment contemplated by contract was actually made"); *United States v. Vigneau*, 187 F.3d 70, 74-75 (1st Cir. 1999), *cert denied*, 528 U.S. 1172 (2000) (information provided by sender on money forms was inadmissible hearsay and did not qualify for the business records exception).

There are no exceptions to the hearsay rule that would allow the government to introduce the terms of this unsubstantiated and ██████████████. Although the government may present certain ████████████████████████████████████████████████████████ ████████████████████████████████████, this hardly contains the guarantees of trustworthiness sufficient to satisfy Rule 807's residual exception to the hearsay rule. "In general, 'Congress intended the residual hearsay exception to be used very rarely, and only in exceptional circumstances.'" *United States v. Awer*, 770 F.3d 83, 94 (1st Cir. 2014) (quoting *United States v. Trenkler*, 61 F.3d 45, 59 (1st Cir. 1995)). Accordingly, the "proponent of a statement, citing the residual exception, bears a heavy burden." *NGM Ins. Co. v. Santos*, 483 F.Supp. 3d 1, 7 (D. Mass. 2020) (quoting *ADT LLC v. Alarm Prot. LLC*, No. 15-cv-80073, 2017

4

WL 1881957, at *2 (S.D. Fla. May 9, 2017)).  Here, the government cannot rely on the residual exception.  Although ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  And of course, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

In the unlikely event that the Court permits the government to introduce such an unsubstantiated document, the jury should be instructed that this ▓▓▓▓▓▓▓▓▓▓ cannot be considered as evidence ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  *See* Transcript of Motions Hearing at 33-34, *United States v. Tao*, 19-20052-JAR (Oct. 14, 2021).

<h3 style="text-align:center">POINT TWO</h3>

<h3 style="text-align:center">THE GOVERNMENT SHOULD BE PRECLUDED FROM INTRODUCING "EXPERT" TESTIMONY THAT IS IRRELEVANT AND UNDULY PREJUDICIAL</h3>

The government proposes to call as an expert witness ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  ▓▓▓▓▓▓▓▓ work focuses on China's economy and, if called as a witness, he will testify about ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. B at 2.  ▓▓▓▓▓▓▓▓▓ will opine that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id* at 3.

Of course, this case has nothing to do with the history of China's economy or the Chinese government's technology acquisition program.  Professor Lieber is not charged with unlawfully transferring any technology or proprietary information to China.  Instead, this case has

everything to do with whether Dr. Lieber provided truthful information to interrogators from the Department of Defense ("DOD") and Harvard University/National Institutes of Health ("NIH"). ███████ opinions shed no light whatsoever on the questions DOD or Harvard/NIH posed to Professor Lieber or whether Professor Lieber knowingly made false statements or committed the financial crimes charged in Counts Three through Six. Thus, ███████ expert testimony will not help the jury understand the evidence or determine a fact in issue. *See* Fed. R. Evid. 702. Put simply, ███████ proposed testimony about the ███████ ███████.[2]

███████ proposed testimony also includes his opinion that ███████ ███████ ███████ Ex. B at 3. This, of course, is an end-run around the authentication and hearsay rules that bar admission of that document. And ███████ opinion regarding the ███████ t" is his own *ipse dixit* based on experience rather than science. *See* Government Expert Disclosure Attachment Excerpt, Ex. C at USAO_010381 (███████ ███████ ███████). To this we say: "So what?" ███████ is not comparing the ███████ with an authenticated specimen. *See* Fed. R. Evid. 901(b)(4). He is relying on hearsay to opine on hearsay. By way of analogy, a person who has never read a particular book does not become an expert on that book simply because he has discussed the

---

[2] ███████ ███████ was deemed admissible at another trial that is readily distinguishable from Professor Lieber's case. The defendant in that matter was charged with conspiracy to commit theft of trade secrets, possession of stolen trade secrets, wire fraud, conspiracy to commit economic espionage, and economic espionage. Professor Lieber is *not* charged with any of these crimes and is not even alleged to have provided China with any valuable information.

6

book with five people who read it. ▮▮▮ expert testimony ▮▮▮ ▮▮▮ is too subjective and unreliable.

Moreover, ▮▮▮ developed his opinions regarding the ▮▮▮ expressly for purposes of testifying. *See McGovern ex rel. McGovern v. Brigham & Women's Hosp.*, 584 F. Supp. 2d 418, 426 (D. Mass. 2008) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F. 3d 1311, 1317 (9th Cir. 1995)). When an expert bases his testimony on experience rather than science, "the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702 Advisory Committee's note, 2000. ▮▮▮

▮▮▮ Ex. B at 3. The government's expert disclosure lacks a description of how ▮▮▮ experience led to the conclusion reached and why that experience is a sufficient basis. The proposed testimony amounts to little more than speculation regarding ▮▮▮. Such testimony is not sufficiently reliable to satisfy Rule 702(2) and should be precluded.

Even if ▮▮▮ opinion were somehow relevant to the charges, it should be precluded under Fed. R. Evid. 403 because it is far more prejudicial than probative. Testimony about ▮▮▮ has no place in a United States District Court – especially at a time when hate crimes against Asians are on the rise, jurors are still taking COVID precautions, and trade relations with China saturate the news. It is bad enough that jurors will hear that ▮▮▮

███.³ ███████ opinions about ████████████████████

████████████████████████████ (*see* Ex. B at 2) will only inflame the jury and distract from the issues at hand. It should be precluded.

Alternatively, we respectfully request a *Daubert* hearing regarding ████████ experience and the basis for his opinions.

## POINT THREE

## CHINESE-TO-ENGLISH TRANSLATIONS ARE IRRELEVANT AND INADMISSIBLE

The government intends to call as a witness a Chinese-to-English translator to translate into English documents and tangible items that contain Chinese characters. Some of these documents and items were found in Dr. Lieber's email (*e.g.*, ████████████████ ████████████████████████████) and some were found in his home (*e.g.*, ████████████████████████████ ████████████████). *Id.* at 3. This proposed testimony lacks an evidentiary foundation and is irrelevant.

There will be no evidence in this case that Professor Lieber reads or understands Chinese – indeed, he does not. There will be no evidence that the Chinese writings on these documents and items were ever translated for him. Whatever the Chinese writing, it was, and is, a mystery to Lieber. The English translation of these Chinese writings has no relevance to his knowledge, intent, or state of mind.

Even more troublesome is that ████████ reads and speaks Chinese. *See* Government Expert Disclosure Attachment Excerpt, Ex. D at USAO_010406 (████████████████

---

3 ████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████).
Therefore, his proposed explanation of ████████████████████████████████████ may include his understanding of the Chinese words in the document. Given that Professor Lieber is not proficient in Chinese, and the government has not demonstrated that Professor Lieber was ever provided with a translation of these documents and materials, the translations are not relevant, material, or probative.

## CONCLUSION

For the reasons set forth above, we respectfully request that the Court preclude the government from introducing ████████████████████████████████████ attached hereto as Ex. A, as well as the irrelevant and prejudicial testimony from ████████, and any Chinese-to-English translations.

Respectfully submitted,

 /s/ Torrey K. Young
Marc L. Mukasey (*pro hac admitted*)
Torrey K. Young (BBO# 682550)

MUKASEY FRENCHMAN, LLP
570 Lexington Avenue, Suite 3500
New York, New York 10022
(212) 466-6400

Counsel for Defendant Charles Lieber

Dated: November 15, 2021

**CERTIFICATION OF SERVICE**

      I, Torrey K. Young, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on November 15, 2021.

                                                                                 /s/ Torrey K. Young