UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Case No. 20-cr-10111-RWZ |
| CHARLES LIEBER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S PROPOSED VOIR DIRE**

Defendant Charles Lieber, by and through his attorneys and pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, respectfully requests the Court to put the following questions to prospective jurors in addition to the Court's standard voir dire.

**OVERVIEW OF THE CASE**

As a brief summary of the case, Professor Charlies Lieber, a professor of chemistry at Harvard University, is charged with making a false statement to the Department of Defense (DOD) and causing Harvard to make a false statement to the National Institute of Health (NIH) regarding China's Thousand Talents Program. The prosecution also alleges that Professor Lieber filed false tax returns in that he failed to file income from a university in China and failed to file reports of a foreign bank account. Professor Lieber has pleaded not guilty, and he is presumed to be innocent.

**KNOWLEDGE OF DEFENDANT, WITNESSES, AND LAWYERS**

1. Prior to arriving in the courtroom today, have you heard or read anything about this case?

2. Have you heard or read anything about Professor Charles Lieber, or after having seen him now, do you recognize him? Please stand.

1

3. The following is a list of names of lawyers, potential witnesses, and business entities that may be mentioned during this case. [<u>List to be provided at the beginning of trial</u>]. Are you familiar or have you had any social or business dealings with any of these people?

   a. If yes, please explain. Is there anything about your familiarity or your dealings that could affect your ability to be a completely fair and impartial juror in this case?

4. Are you familiar or have you had any social or business dealings with any of your fellow prospective jurors?

   a. If yes, please explain. Is there anything about your familiarity or your dealings that could affect your ability to be a completely fair and impartial juror in this case?

## PERSONAL/PROFESSIONAL BACKGROUND

5. Please name one person not related to you whom you admire.

6. What was the last book you read or audiobook you listened to?

7. Do you watch/stream television or movies regularly? If so, what are your three favorite shows?

8. Where do you get your news from?

9. Are there particular websites or social media sites that you follow/read regularly?

10. What is your highest level of education? Please describe.

    a. If you have a college degree, please provide your major or minor, if applicable.

11. What is your current occupation?

12. Do you belong to any organizations – for example, social, religious, or professional – whether or not organized around particular issues related to social services or politics?

    a. If yes, what organizations do you belong to? Do you hold a leadership role in any of these organizations?

## EXPERIENCE WITH LAW ENFORCEMENT

13. Have you, a family member, or a close friend ever been the victim of a crime, whether it was reported to law enforcement or not? If yes, please explain.

    a. Is there anything about that experience that might impact your ability to be a completely fair and impartial juror in this case? If yes, please explain.

14. Have you, a family member, or close friend ever been accused by a law enforcement officer of making a false statement or misrepresentation? If yes, please explain.

15. Have you, a family member, or close friend ever had a dispute with the IRS? If yes, please explain.

16. Have you, or a close friend or family member, ever had an experience with a law enforcement officer or agency, federal agency, or the federal government which would strongly influence your ability to judge the facts of a criminal case or the person accused? If yes, please explain.

17. Have you or has anyone close to you ever worked for any of the following:

    a. The U.S. Attorney's Office;

    b. U.S. Department of Justice;

    c. A District Attorney or other prosecutor's office;

    d. A federal court;

    e. A state, county or local court;

    f. A federal law enforcement agency, such as the FBI or another agency;

    g. An inspector general's office;

    h. The Department of Defense;

    i. The National Institutes of Health;

  j. The Internal Revenue Service;

  k. A police department;

  l. A sheriff's department;

  m. A probation or parole office;

  n. A correctional facility.

18. Do you have any strongly held beliefs or opinions about the criminal justice system? If yes, please explain.

  a. Will your opinion make it difficult for you to serve as a completely fair and impartial juror in this case?

  b. Do you have any opinions about criminal defense attorneys that would affect your ability to serve as a completely fair and impartial juror in this case?

  c. Do you have any opinions about prosecutors that would affect your ability to serve as a completely fair and impartial juror in this case?

  d. Do you have any opinions about people who have been charged with a crime that would affect your ability to serve as a completely fair and impartial juror in this case?

### EXPERIENCE WITH CHINA

19. Do you speak or read Chinese?

20. Have you or has any member of your immediate family ever traveled to China? If yes, please explain.

21. Do you, or does anyone in your household, or does your employer, conduct business in or with China? If yes, please explain.

22. Do you, or does anyone in your household, maintain a bank account in a foreign country? If yes, please explain.

23. As you may have guessed, you will hear testimony in this case concerning activities in China, including in the city of Wuhan. You may have heard about China in connection with recent news events concerning trade and similar economic matters. You also may have heard of the city of Wuhan in connection with the COVID-19 pandemic. This case has nothing at all to do with trade or the COVID-19 pandemic. The charges against the defendant, Professor Charles Lieber, have nothing to do with these issues. Whatever you may have heard about these topics, they will not be part of the evidence in this case. Therefore, whatever personal views you may hold about China, trade issues, or the COVID-19 pandemic must play no part in your consideration of the evidence in this case. You must set aside any personal views you may have on these issues; failure to do so would be a violation of your oath as jurors. Is there anyone here who cannot follow that instruction and listen impartially to the evidence?

## EXPERIENCE WITH HARVARD UNIVERSITY

24. You will also hear testimony in this case concerning Harvard University. Have you, or has anyone in your immediate household, attended Harvard University? Do you, or does anyone in your immediate household work for Harvard? Do you, or does anyone in your immediate household, make donations to Harvard? Do you have any bias for or against Harvard?

## WILLINGNESS TO APPLY THE LAW

25. The defendant is presumed innocent and cannot be convicted unless the jury, unanimously and based solely on the evidence presented in court, decides that his guilt has been proven beyond a reasonable doubt. The burden of proving guilt beyond a reasonable doubt rests entirely with the government. The defendant has no burden of proof whatsoever and no

burden to present a case. Do you accept, without reservation, that the defendant does not have to prove his innocence and that the government has the sole and exclusive burden of proof in a criminal trial?

26. Would you vote to find a defendant not guilty if the government did not prove his guilt beyond a reasonable doubt?

27. Do you think that you can fairly apply the "beyond a reasonable doubt" standard the way you would want it applied if you yourself or a close relative or friend were charged by the government with the commission of a crime?

28. Do you think you can fairly apply the government's burden of proof, meaning that the burden is on the government to prove all claims beyond a reasonable doubt and never on the defendant to offer proof of his innocence?

29. The prosecution presents its case before the defendant can present their case, if any. As you will be asked to do, will you keep an open mind and not make any decisions or form any opinions until after all the evidence has been presented?

30. Under our law, the defendant has the right to decide whether or not to present evidence because the defendant has no burden of proof at all and is presumed innocent. The reason for this rule is that all persons who are accused are presumed to be innocent, and by their plea of not guilty, they have stated to you that they are not guilty. It is the prosecutor who must, if he or she can, establish by evidence that each defendant, considered separately – as if he had his own separate trial – is guilty beyond a reasonable doubt. Do you believe you would have difficulty accepting and following that rule?

31. According to the United States Constitution, a defendant has the absolute right not to testify on his own behalf, and the jury is not to consider his choice not to testify in any way in deciding whether the defendant is guilty as charged. Can you follow that rule of law?

32. If the defendant elects not to testify or not to present any evidence, you must not draw any inferences against him based on that decision. Do you understand that the defendant's decision not to testify must not enter into your deliberations?

33. Under our legal system, the facts are for the jury to determine, and the law is for the court to determine. These two areas are separate and distinct. At the end of the case, the court will instruct you as to what the law is. You are required to accept the law as it is explained to you. It will be your job to determine what the facts are in accordance with the law that is applicable, as the court explains it. Do you think that you will be able to accept the law as the judge explains it, even if you disagree with it?

## WILLINGNESS TO DELIBERATE PROPERLY

34. Do you understand that if you are selected to serve, you must deliberate on each charge pending against the defendant individually and return a verdict on each charge and for the defendant as if each one was being tried alone?

35. Do you have any concerns at all about your ability to follow the instruction that if a fact or piece of evidence or testimony is capable of two reasonable interpretations – one that is consistent with guilt and one that is consistent with innocence – you must interpret it in favor of innocence?

36. If you are selected as a juror and you are deliberating and there is a dispute as to what the law is on a particular point, would you feel comfortable asking that a note be sent to the judge for further instruction?

37. If you are selected as a juror and you are deliberating and one of your fellow jurors is not following the law, would you feel comfortable telling that fellow juror that the case can only be decided based on the facts as applied under the law as the judge has explained it?

38. If 11 other jurors held the view opposite your own, would you change your vote simply to get the matter over with or do you understand that deliberations require you to vote your conscience and that, unless in good conscience the 11 others persuade you, the law requires you to hold your position?

## FINAL QUESTIONS

39. Have you formed any opinion about this case, or are you leaning in favor of one side, based on what you have heard in this courtroom today, before hearing any of the evidence?

40. Do you have any ethical, cultural, religious, political, or other beliefs that may prevent you from serving as a completely fair and impartial juror in this case?

41. Is there anything that has not been asked on this form that might influence your ability to be a completely fair and impartial juror?

Dated: New York, New York
December 3, 2021

        Respectfully submitted,

        /s/ Marc L. Mukasey
        Marc L. Mukasey (*pro hac admitted*)
        Torrey K. Young (BBO # 682550)
        Catherine M. Deist (*pro hac admitted*)
        Stephanie Guaba

        MUKASEY FRENCHMAN, LLP
        570 Lexington Avenue, Suite 3500
        New York, New York 10022
        Tel.: (212) 466-6400
        marc.mukasey@mfsllp.com

        *Attorneys for Defendant Charles Lieber*

## CERTIFICATION OF SERVICE

I, Marc L. Mukasey, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 3, 2021.

        /s/ Marc L. Mukasey
        Marc L. Mukasey