UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CHARLES LIEBER,<br><br>Defendant. | No. 20-cr-10111-RWZ |

## DEFENDANT'S PROPOSED REQUESTS TO CHARGE

COMES NOW, Defendant Charles Lieber, by and through his counsel, respectfully submits the following Defendant's Proposed Requests to Charge, pursuant to Rule 30 of the Federal Rules of Criminal Procedure.  In addition to the Court's usual preliminary instructions, Professor Lieber requests that the Court give the jury the instructions as written in the following List of Proposed Instructions, which are in accordance with the 2019 Revisions to the Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Leonard B. Sand et al., Modern Federal Jury Instructions – Criminal (2015), 1A Kevin F. O'Malley et al., *Federal Jury Practice and Instructions*, § 47.16 (6th ed. West 2016), and relevant caselaw, as applicable. Professor Lieber reserves the right to supplement, modify, or withdraw his requests as evidence is produced at the pre-trial stage and introduced at trial.

Respectfully Submitted,

 /s/ Marc L. Mukasey
Marc L. Mukasey
Torrey K. Young
Catherine M. Deist
Stephanie Guaba

MUKASEY FRENCHMAN, LLP
570 Lexington Avenue, Suite 3500
New York, NY 10022
Tel: (212) 466-6400

*Attorneys for Charles Lieber*

## <u>LIST OF PROPOSED JURY INSTRUCTIONS</u>

PROPOSED JURY INSTRUCTION NO. 1
GOOD FAITH DOCTRINE ....................................................................................1

PROPOSED JURY INSTRUCTION NO. 2
PROOF OF EACH ELEMENT ................................................................................3

PROPOSED JURY INSTRUCTION NO. 3
MISSING WITNESSES .........................................................................................4

PROPOSED JURY INSTRUCTION NO. 4
LAW ENFORCEMENT WITNESSES ...................................................................5

PROPOSED JURY INSTRUCTION NO. 5
EXPERT WITNESSES ...........................................................................................6

PROPOSED JURY INSTRUCTION NO. 6
STIPULATIONS .....................................................................................................7

PROPOSED JURY INSTRUCTION NO. 7
OVERVIEW OF CHARGES ..................................................................................8

PROPOSED JURY INSTRUCTION NO. 8
CRIMES DEFINED BY STATUTE ONLY ..........................................................10

PROPOSED JURY INSTRUCTION NO. 9
CONSIDER ONLY THE CHARGES .....................................................................11

PROPOSED JURY INSTRUCTION NO. 10
COUNTS ONE AND TWO:  OVERVIEW OF THE FALSE STATEMENT
CHARGES ...............................................................................................................12

PROPOSED JURY INSTRUCTION NO. 11
MAKING A FALSE STATEMENT TO A FEDERAL AGENCY, 18 U.S.C. § 1001...........13

PROPOSED JURY INSTRUCTION NO. 12
FALSE STATEMENTS:  FIRST ELEMENT – STATEMENT OR
REPRESENTATION................................................................................................14

PROPOSED JURY INSTRUCTION NO. 13
FALSE STATEMENTS:  SECOND ELEMENT - MATERIALITY ....................15

PROPOSED JURY INSTRUCTION NO. 14
FALSE STATEMENTS:  THIRD ELEMENT - FALSE, FICTITIOUS, OR
FRAUDULENT STATEMENT ...............................................................................16

PROPOSED JURY INSTRUCTION NO. 15
FALSE STATEMENTS:  FOURTH ELEMENT - KNOWING AND WILLFUL
CONDUCT ...............................................................................................................17

PROPOSED JURY INSTRUCTION NO. 16
FALSE STATEMENTS:  FIFTH ELEMENT - MATTER WITHIN THE
JURISDICTION OF THE UNITED STATES GOVERNMENT ...........................18

PROPOSED JURY INSTRUCTION NO. 17
COUNTS THREE AND FOUR:  OVERVIEW OF THE TAX RETURN CHARGES ......... 19

PROPOSED JURY INSTRUCTION NO. 18
FALSE TAX RETURNS:  ELEMENTS OF THE OFFENSE ................................................ 20

PROPOSED JURY INSTRUCTION NO. 19
FALSE TAX RETURNS:  FIRST ELEMENT - PROFESSOR LIEBER FILED A
RETURN .................................................................................................................................... 21

PROPOSED JURY INSTRUCTION NO. 20
FALSE TAX RETURNS:  SECOND ELEMENT - RETURN WAS FALSE AS TO
A MATERIAL FACT ............................................................................................................. 22

PROPOSED JURY INSTRUCTION NO. 21
FALSE TAX RETURNS:  THIRD ELEMENT - PROFESSOR LIEBER SIGNED
THE RETURN WILLINGLY, KNOWING IT TO BE FALSE ............................................ 23

PROPOSED JURY INSTRUCTION NO. 22
FALSE TAX RETURNS:  FOURTH ELEMENT - WRITTEN DECLARATION .............. 24

PROPOSED JURY INSTRUCTION NO. 23
FALSE TAX RETURNS:  STATUTE OF LIMITATIONS ................................................... 25

PROPOSED JURY INSTRUCTION NO. 24
COUNTS FIVE AND SIX:  OVERVIEW OF THE FBAR CHARGES ............................... 26

PROPOSED JURY INSTRUCTION NO. 25
FAILURE TO FILE REPORTS OF FOREIGN BANK AND FINANCIAL
ACCOUNTS (FBAR):  ELEMENTS OF THE OFFENSE ...................................................... 27

PROPOSED JURY INSTRUCTION NO. 26
FAILURE TO FILE FBAR:  FIRST ELEMENT - UNITED STATES PERSON ................. 30

PROPOSED JURY INSTRUCTION NO. 27
FAILURE TO FILE FBAR:  SECOND ELEMENT - FINANCIAL INTEREST IN
FOREIGN FINANCIAL ACCOUNT .................................................................................... 31

PROPOSED JURY INSTRUCTION NO. 28
FAILURE TO FILE FBAR:  THIRD ELEMENT - AGGREGATE VALUE
EXCEEDS $10,000 ................................................................................................................ 32

PROPOSED JURY INSTRUCTION NO. 29
FAILURE TO FILE FBAR:  FOURTH ELEMENT - WILLFULLNESS ............................ 33

PROPOSED JURY INSTRUCTION NO. 30
DEFENSE THEORY OF THE CASE .................................................................................... 34

## PROPOSED JURY INSTRUCTION NO. 1
## GOOD FAITH DOCTRINE

The good faith of Professor Lieber is a complete defense to each count in the indictment because good faith on the part of a defendant is, simply, inconsistent with a finding of fraudulent intent as defined under each count.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under the statutes relevant to this case merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an error in management does not rise to the level of criminal conduct. Accordingly, a person who acts, or causes another person to act, based on a belief that the intended action complies with the law is not punishable under the statutes relevant to this case merely because that belief turns to be inaccurate, incorrect or wrong.

While the term good faith has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to comply with the law. If Professor Lieber believed in good faith that he was acting lawfully, even if he was mistaken in that belief, and even if others were harmed by his conduct, there would be no crime.

A person who believes in good faith that his actions comply with the law cannot be found guilty of a crime. Under the relevant statutes, even false representations or statements of material facts do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. Moreover, a statement made with good faith belief in its accuracy does not amount to a false statement and is not a crime. This is so even if the statement is, in fact, erroneous.

In determining whether Professor Lieber acted in good faith, as appropriate to the count you are considering, you must consider all of the evidence in the case bearing on Professor Lieber's state of mind.

The burden of proving good faith does not rest with Professor Lieber because he does not have an obligation to prove anything in this case.  It is the government's burden to prove to you, beyond a reasonable doubt, that Professor Lieber acted with the requisite criminal intent.  If the evidence in the case leaves you with a reasonable doubt as to whether Professor Lieber acted in good faith, the government has not met its burden of proving guilt beyond a reasonable doubt and you must find Professor Lieber not guilty.

Authority:  Modified from 1A Kevin F. O'Malley et al., *Federal Jury Practice and Instructions*, § 47.16 (6th ed. West 2016) (hereinafter "O'Malley"); Leonard B. Sand et al., Modern Federal Jury Instructions – Criminal, Instr. 8-1 (2015) (hereinafter "Sand").

## PROPOSED JURY INSTRUCTION NO. 2
## PROOF OF EACH ELEMENT

The government's burden of proving the guilt of Professor Lieber beyond a reasonable doubt is a burden that extends to each and every element of each count charged. In your deliberations, you must analyze the charge, element by element as I shall explain it to you, and you may not find Professor Lieber guilty of an offense charged in the indictment unless your analysis leads you to conclude that the government has proven each and every element of that offense beyond a reasonable doubt. If there is even one element of that count that the government has not proven beyond a reasonable doubt, you must return a verdict of not guilty on that count.

Authority:  Modified from charge given in *United States v. Gipson*, No. 07-cr-2056 (LRS) (E.D. Wash. Jan. 11, 2008), ECF No. 187, at 8; *see also Hurst v. Florida*, 577 U.S. 92, 97 (2016) ("The Sixth Amendment provides: 'In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . .' This right, in conjunction with the Due Process Clause, requires that each element of a crime be proved to a jury beyond a reasonable doubt."); *Torres v. Lynch*, 136 S. Ct. 1619, 1630 (2016) ("Both [the substantive elements of a federal crime and the jurisdictional elements] must be proved to a jury beyond a reasonable doubt . . . ."); *In re Winship*, 397 U.S. 358, 364 (1970) ("[W]e explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.").

## PROPOSED JURY INSTRUCTION NO. 3
## MISSING WITNESSES

If it is peculiarly within the power of the government to produce a witness who could give material testimony, or if a witness, because of [his/her] relationship to the government, would normally be expected to support the government's version of events, the failure to call that witness may justify an inference that [his/her] testimony would in this instance be unfavorable to the government.  You are not required to draw that inference, but you may do so.  No such inference is justified if the witness is equally available to both parties, if the witness would normally not be expected to support the government's version of events, or if the testimony would merely repeat other evidence.

Authority:  First Circuit Criminal Pattern Jury Instructions, § 2.12.

4

## PROPOSED JURY INSTRUCTION NO. 4
## LAW ENFORCEMENT WITNESSES

[**IF APPLICABLE**]

You have heard testimony from witnesses who were law enforcement officers or government employees. The law is that the testimony of a witness who is or was employed by the government is not deserving of more or less consideration or greater or lesser weight than that of any other witness.

Authority: Charge given in *United States v. Blanco*, 7:16-cr-00408 (CS) (S.D.N.Y. July 16, 2018), ECF No. 156, at 120; *see also* Sand, Instr. 7-16.

## PROPOSED JURY INSTRUCTION NO. 5
## EXPERT WITNESSES

[**IF APPLICABLE**]

You have heard what's called expert testimony from [a] witness[es].  An expert is allowed to express an opinion on those matters about which he or she has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider the expert's qualifications, opinions, and reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in the case.  You should not, however, accept a witness's testimony merely because he or she is an expert, nor should you substitute it for your own reason, judgment and common sense.  The determination of the facts in the case rests solely with you.

Authority:  Charge given in *United States v. Pagan*, 7:10-cr-00392 (CS) (S.D.N.Y. Feb. 27, 2013), ECF No. 701, at 181; *see also* Sand, Instr. 7-21.

## <u>PROPOSED JURY INSTRUCTION NO. 6</u>
## <u>STIPULATIONS</u>

**[IF APPLICABLE]**

You have heard evidence in the form of a stipulation, or agreement, as to certain facts. When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proven.  You are not required to do so, however, since you are the sole judge of the facts.  It is for you to determine the effect to be given that evidence.

<u>Authority</u>:  Modified from O'Malley, § 12:03; *see also* Sand, Instr. 5-6, 5-7.

## PROPOSED JURY INSTRUCTION NO. 7
## OVERVIEW OF THE CHARGES

The indictment contains six charges against Professor Lieber.

Count One of the indictment charges Professor Lieber with knowingly and willfully making a false statement to the Department of Defense on or about April 24, 2018, in violation of Title 18, United States Code, Section 1001.

Count Two of the indictment charges Professor Lieber with knowingly and willfully causing a false statement to be made to the National Institutes of Health on or about January 10, 2019, in violation of Title 18, United States Code, Section 1001.

Count Three of the indictment charges Professor Lieber with knowingly and willfully filing a false tax return on or about April 15, 2014 for the 2013 tax year, in violation of Title 26, United States Code, Section 7206.

Count Four of the indictment charges Professor Lieber with knowingly and willfully filing a false tax return on or about September 29, 2015 for the 2014 tax year, in violation of Title 26, United States Code, Section 7206.

Count Five of the indictment charges Professor Lieber with failing to file a report of foreign bank and financial account on or before June 30, 2015 for the 2014 calendar year, in violation of Title 31, United States Code, Sections 5314 and 5322(a).

Count Five of the indictment charges Professor Lieber with failing to file a report of foreign bank and financial account on or before July 30, 2016 for the 2015 calendar year, in violation of Title 31, United States Code, Sections 5314 and 5322(a).

Please remember that the indictment is merely an accusation.

I will now instruct you on the elements of each of the charges against Professor Lieber. Each of these charges contains different elements that it is the burden of the government to prove beyond a reasonable doubt. Remember that as you consider each count, you must find Professor Lieber not guilty unless the government has proven each element of each such count beyond a reasonable doubt.

<u>Authority</u>:  Modified from Sand, Instr. 3-2; modified from First Circuit Criminal Pattern Jury Instructions, § 1.04.

## PROPOSED JURY INSTRUCTION NO. 8
## CRIMES DEFINED BY STATUTE ONLY

The fact that you may think certain conduct is unethical or morally wrong is truly of no consequence in this case.  Statutes enacted by Congress define our crimes, and I will talk to you about the individual statutes and how they break down into essential elements so that you can consider the elements that the government must prove beyond a reasonable doubt.  Conduct is only a crime if it is defined as such by a statute.  A feeling that something wrong has been done is insufficient to convict anyone of any charge whatsoever.  Remember, not every instance of unfairness constitutes a crime.  Instead, you are required to break each count down to the elements, determine if the government has or has not met its burden of proving the guilt of Professor Lieber beyond a reasonable doubt as to each one of those elements for a particular count, and then, with that determination made, you can render a verdict on that count.

Authority: Modified from charges given in *United States v. Zemlyansky*, 12-cr-171 (JPO) (S.D.N.Y. Oct. 23, 2013), ECF No. 931, at 128-29 and *United States v. Seitz*, 12-cr-921 (SHS) (S.D.N.Y. Mar. 11, 2014), ECF No. 95, at 103.

## PROPOSED JURY INSTRUCTION NO. 9
## CONSIDER ONLY THE CHARGES

To that point, Professor Lieber is not charged with committing any crime other than the offenses contained in the indictment.

Professor Lieber is charged only with the acts contained in Counts One through Six in the indictment, not for any other acts.  Do not return a guilty verdict on any count unless the government proves each element of such count charged in the indictment beyond a reasonable doubt.

Authority:  Modified from Third Circuit Model Criminal Jury Instructions, § 2.23 (Feb. 2015); *see also* Sand, Instr. 3-3.

## PROPOSED JURY INSTRUCTION NO. 10
## COUNTS ONE AND TWO:  OVERVIEW OF THE FALSE STATEMENT CHARGES

Count One alleges that Professor Lieber knowingly and willfully made a false statement to the Department of Defense, on or about April 24, 2018.

Count Two alleges that Professor Lieber knowingly and willfully caused a false statement to be made to the National Institutes of Health, on or about January 10, 2019.

The applicable statute is Title 18, United States Code, Section 1001(a)(2), which provides: [W]hoever, in any matter within the jurisdiction of the executive . . . branch of the Government of the United States, knowingly and willfully . . . . makes any materially false, fictitious, or fraudulent statement or representation shall be [guilty of a crime].

I will now instruct you on the elements of Section 1001(a)(2).

Authority:  Text of 18 U.S.C. § 1001(a)(2).

12

## <u>PROPOSED JURY INSTRUCTION NO. 11</u>
## <u>MAKING A FALSE STATEMENT TO A FEDERAL AGENCY, 18 U.S.C. § 1001</u>

For you to find Professor Lieber guilty of this crime, you must be convinced that the government has proven each of these five elements beyond a reasonable doubt:

First, that on or about the date specified, Professor Lieber made a statement or representation.

Second, the statement was material.

Third, the statement was false, and Professor Lieber knew that it was false.

Fourth, Professor Lieber made the statement knowingly and willfully.

Fifth, the statement was made in a matter within the jurisdiction of the executive branch of the government of the United States.

I will now provide you with further instructions on each of these elements.

<u>Authority</u>:  Adapted from this Court's charge in No. 1:03-cr-10157-RWZ, 5/19/2004 Tr. at 60-61 (affirmed by *United States v. Hatch*, 434 F.3d 1 (1st Cir. 2006)); *United States v. Duclos*, 214 F.3d 27, 33 (1st Cir. 2000) (citations omitted).

13

## PROPOSED JURY INSTRUCTION NO. 12
## FALSE STATEMENTS:  FIRST ELEMENT –
## STATEMENT OR REPRESENTATION

The first element that the government must prove beyond a reasonable doubt is that on a specified date, Professor Lieber made a statement or representation.

Authority:  *See* Proposed Instruction No. 11.

14

## PROPOSED JURY INSTRUCTION NO. 13
## FALSE STATEMENTS: SECOND ELEMENT – MATERIALITY

The second element the government must prove beyond a reasonable doubt is that Professor Lieber's statement was material.  A fact is material if it was capable of influencing the decision-maker to whom it was addressed.  However, the government does not have to prove that the decision-maker actually relied on the statement.

Authority:  Charge given in *United States v. Hatch*, No. 1:03-cr-10157-RWZ, 5/19/2004 Tr. at 61; *United States v. Arcadipane*, 41 F.3d 1, 7 (1st Cir. 1994) (quoting *United States v. Corsino*, 812 F.3d 26, 30 (1st Cir. 1986)).

**PROPOSED JURY INSTRUCTION NO. 14**
**FALSE STATEMENTS:  THIRD ELEMENT –**
**FALSE, FICTITIOUS OR FRAUDULENT STATEMENT**

The third element that the government must prove beyond a reasonable doubt is that the statement or representation was false, and that Professor Lieber knew it was false.

A statement or representation is "false" if it was untrue when made, and if the person who made the statement – here, Professor Lieber – knew that it was untrue.

In deciding this element, you should consider the statement in the context of the question asked by the government, and decide whether the government has proved the answer to be untrue.  If the government's question was ambiguous, meaning that it reasonably could be interpreted in several ways, then the government must prove that Professor Lieber's answer was false under any reasonable interpretation of the question.

Authority:  Charge given in *United States v. Hatch*, No. 1:03-cr-10157-RWZ, 5/19/2004 Tr. at 60-61 (affirmed by *United States v. Hatch*, 434 F.3d 1 (1st Cir. 2006)).

## PROPOSED JURY INSTRUCTION NO. 15
## FALSE STATEMENTS:  FOURTH ELEMENT –
## KNOWING AND WILLFUL CONDUCT

The fourth element that the government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully.

A defendant acts knowingly if he acts voluntarily and intentionally, and not because of ignorance, mistake or accident.

A defendant acts willfully if he acts with knowledge that his conduct was unlawful, with a specific intent to do something the law forbids, with a bad purpose, either to disobey or disregard the law.

What we're talking about here is what was in Professor Lieber's head.  We cannot read Professor Lieber's state of mind or anyone's state of mind.  We cannot smell it.  We cannot see it.  What we can do, though, is look at what Professor Lieber did, consider what he said, and consider the context in which he was speaking and acting.  Then, from his statements and his words, we draw an inference about what his state of mind was.  So, you will need to review what, if anything, Professor Lieber did and said, as it has been recounted to you, and then make a determination about whether Professor Lieber acted knowingly and willfully in this case.

Authority:  Charge given in *United States v. Hatch*, No. 1:03-cr-10157-RWZ, 5/19/2004 Tr. at 62-63 (affirmed by *United States v. Hatch*, 434 F.3d 1 (2006)); *Bryan v. United States*, 524 U.S. 184, 191-93 (1998); modified from First Circuit Criminal Pattern Jury Instruction, § 2.15; § 2.17, Comment 1 (citing *United States v. Yefsky*, 994 F.2d 885,899 (1st Cir. 1993)), Comment 3 (citing *United States v. Marshall*, 753 F.3d 341, 345-46 (1st Cir. 2014)).

17

## PROPOSED JURY INSTRUCTION NO. 16
## FALSE STATEMENTS:  FIFTH ELEMENT –
## MATTER WITHIN THE JURISDICTION OF THE UNITED STATES GOVERNMENT

The fifth element that the government must prove beyond a reasonable doubt is that the

statement was made in a matter within the jurisdiction of the executive branch of the government

of the United States.  I instruct you that the Department of Defense is a department of the United

States government, and the National Institutes of Health is an agency of the United States

government.

Authority:  18 U.S.C. § 1001(a); First Circuit Criminal Pattern Jury Instructions, § 4.18.1001,
Comment 6; modified from Sand, Instr. 36-14, 36-20.

18

**PROPOSED JURY INSTRUCTION NO. 17**
**COUNTS THREE AND FOUR:**
**OVERVIEW OF THE TAX RETURN CHARGES**

Count Three of the indictment alleges that Professor Lieber knowingly and willfully filed a false tax return on or about April 15, 2014, for the 2013 tax year.

Count Four of the indictment alleges that Professor Lieber knowingly and willfully filed a false tax return on or about September 29, 2015, for the 2014 tax year.

The applicable statute is Title 26, United States Code, Section 7206(1), which provides:

Any person who willfully makes and subscribes any return . . . which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter [shall be guilty of a crime].

I will now instruct you on the elements of Section 7206(1).

Authority:  Adapted from text of 26 U.S.C. § 7206(1).

19

## <u>PROPOSED JURY INSTRUCTION NO. 18</u>
## <u>FALSE TAX RETURNS:  ELEMENTS OF THE OFFENSE</u>

For you to find Professor Lieber guilty of this crime, you must be convinced that the government has proven each of these four elements beyond a reasonable doubt:

First, that Professor Lieber made and subscribed each federal tax return as charged in each count, and verified the return to be true and correct.

Second, that the return was false as to a material matter.

Third, that Professor Lieber signed the return willfully, and knowing it to be false.

Fourth, that the return contained a written declaration that it was made under the penalties of perjury.

I will now provide you with further instructions on each of these elements.

<u>Authority</u>:  Adapted from First Circuit Criminal Pattern Jury Instructions, § 4.26.7206; *United States v. Correia*, No. 18-cr-10364-DPW, Dkt. #243 at 131 (D. Mass. 2021).

## PROPOSED JURY INSTRUCTION NO. 19
## FALSE TAX RETURNS:  FIRST ELEMENT –
## PROFESSOR LIEBER FILED A RETURN

The first element that the government must prove beyond a reasonable doubt is that

Professor Lieber made and subscribed a tax return, and verified the return to be true and correct.


A tax return is subscribed to at the time it is signed.

Authority:  Modified from First Circuit Criminal Pattern Jury Instructions, § 4.26.7206; *United States v. Boulerice*, 325 F.3d 75, 79-80 (1st Cir. 2003).

**PROPOSED JURY INSTRUCTION NO. 20**
**FALSE TAX RETURNS:  SECOND ELEMENT –**
**RETURN WAS FALSE AS TO A MATERIAL FACT**

The second element that the government must prove beyond a reasonable doubt is that

the return was false as to a material matter.

A "material" matter is one that is likely to affect the calculation of tax due and payable,

or to affect or influence the IRS in carrying out the functions committed to it by law, such as

monitoring and verifying tax liability.

Authority:  First Circuit Criminal Pattern Jury Instructions, § 4.26.7206; *United States v.
Boulerice*, 325 F.3d 75, 82 (1st Cir. 2003); *United States v. DiRico*, 78 F.3d 732, 735-36 (1st Cir.
1996); *United States v. Correia*, No. 18-cr-10364-DPW, Dkt. #243 at 131-32 (D. Mass.).

**PROPOSED JURY INSTRUCTION NO. 21**
**FALSE TAX RETURNS:  THIRD ELEMENT –**
**PROFESSOR LIEBER SIGNED THE RETURN WILLFULLY,**
**KNOWING IT TO BE FALSE**

The third element that the government must prove beyond a reasonable doubt is that Professor Lieber signed the return willfully, and knowing it to be false.  "Willfully" means a voluntary and intentional violation of a known legal duty.  The government must prove that the law imposed a duty on Professor Lieber, that Professor Lieber knew of this legal duty, and that Professor Lieber voluntarily and intentionally violated that legal duty.  In other words, on these two Counts, Professor Lieber's ignorance of the law is a defense.

Mistake, negligence and gross negligence are not sufficient to meet the willfulness requirement of these tax crimes.

The government must also prove that Professor Lieber filed the return knowing it to be false. A person acts knowingly when he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.  Whether Professor Lieber acted knowingly may be proven by Professor Lieber's conduct and by all of the surrounding facts and circumstances of the case.

When making the determination as to whether Professor Lieber acted willfully and knowingly, you must decide what Professor Lieber actually knew and believed, not what a reasonable person in his position should have known or believed.

Authority:  *United States v. Boulerice*, 325 F.3d 75,80 (1st Cir. 2003); *United States v. Griffin*, 524 F.3d 71, 77-78 (1st Cir. 2008); Adapted from First Circuit Criminal Pattern Jury Instructions, § 2.15; § 2.17; § 4.26.7206, Comment 3; § 4.26.7201, Comment 8; *United States v. Hogan*, 861 F.2d 312, 316 (1st Cir. 1988); *United States v. Aitken*, 755 F.2d 188, 191-93 (1st Cir. 1985); *Cheek v. United States*, 498 U.S. 192, 201-02 (1991); *United States v. Adams*, 740 F.3d 40, 45 n.4 (1st Cir. 2014).

23

**PROPOSED JURY INSTRUCTION NO. 22**
**FALSE TAX RETURNS: FOURTH ELEMENT –**
**WRITTEN DECLARATION**

The fourth element that the government must prove beyond a reasonable doubt is that

Professor Lieber's tax return contained a written declaration that it was made under penalties of

perjury.

Authority:  First Circuit Criminal Pattern Jury Instructions, § 4.26.7206.

**PROPOSED JURY INSTRUCTION NO. 23**
**FALSE TAX RETURNS:**
**STATUTE OF LIMITATIONS**

**[IF APPLICABLE]**

As you have just heard, Counts Three and Four allege that Professor Lieber willfully filed false tax returns on or about April 15, 2014 for the 2013 tax year, and on or about September 29, 2015 for the 2014 tax year, respectively, in violation of a federal statute titled 26 U.S.C. § 7206(1). In addition to passing this statute, Congress also passed a statute that no person shall be prosecuted, tried, or punished for this offense unless the indictment is filed within six years after the commission of the offense.

I'll remind you that the Indictment, which you have received, was filed on July 28, 2020. This means that Professor Lieber is not guilty of willfully filing a false tax return unless the government proves beyond a reasonable doubt that he committed the offense after July 28, 2014. If you find that Professor Lieber committed the offense of willfully filing a false tax return prior to July 28, 2014, you must find Professor Lieber not guilty of the offense.

Nevertheless, you may consider evidence of activities that occurred before July 28, 2014 as background evidence and solely to the extent that any such evidence may explain or shed light on the nature of any relationships, state of mind, or activities that occurred after July 28, 2014. But, as I noted above, any verdict against Professor Lieber must be based on a conclusion that he willfully filed a false tax return after July 28, 2014.

Authority:  26 U.S.C. § 7206(1); 26 U.S.C. 6531(5).

**PROPOSED JURY INSTRUCTION NO. 24**
**COUNTS THREE AND FOUR:**
**OVERVIEW OF THE FBAR CHARGES**

Counts Five and Six allege that Professor Lieber failed to comply with a requirement that

he file reports concerning his relationship with a foreign bank on or before certain due dates: June

30, 2015, for calendar year 2014, and July 30, 2016 for calendar year 2015, respectively.

The applicable statute is Title 31, United States Code, Section 5314, which provides:

[T]he Secretary of the Treasury shall require a resident or citizen of the United
States or a person in, and doing business in, the United States, to keep records, file
reports, or keep records and file reports, when the resident, citizen, or person makes
a transaction or maintains a relation for any person with a foreign financial agency.

Additionally, a federal regulation, 31 C.F.R. § 1010.350(a) provides:

"Each United States person having a financial interest in, or signature or other authority
over, a bank . . . account in a foreign country shall report such relationship to the
Commissioner of Internal Revenue[.]

Finally, Title 31, United States Code, Section 5322(a) provides:

"A person willfully violating this subchapter or a regulation prescribed under this
subchapter [shall be guilty of a crime]."

I will now instruct you on the elements of the offenses.

Authority:  Adapted from texts of cited statutes and regulation, and Sand, Instr. 50B-7.

26

**PROPOSED JURY INSTRUCTION NO. 25**
**FAILURE TO FILE REPORTS OF FOREIGN BANK AND FINANCIAL ACCOUNTS**
**(FBAR):  ELEMENTS OF THE OFFENSE**

\*        \*        \*

**DEFENDANT'S POSITION REGARDING THE NEED FOR**
**PROPOSED JURY INSTRUCTIONS ON COUNTS FIVE AND SIX**

31 C.F.R. § 1010.350(a) provides, in pertinent part: "Each United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship[.]"  The Indictment charges that Professor Lieber committed the offenses alleged in Counts Five and Six by failing to file a report disclosing that he had both a "financial interest in[]" an account, and "signature or other authority over," the account.  Here, however, as a matter of law, the government cannot prove the charged offenses by invoking the latter prong -- that is, the "signature or other authority over" prong -- of the regulation.  Thus:

Section 1010.350(c) makes sub-section (a) applicable to three "[t]ypes of reportable accounts."  Such accounts include a "Bank account[,]" a "Securities account[,]" and an "Other financial account."  Sub-section (e), in turn, describes how the government may prove "[a] financial interest in a bank, securities or other financial account[.]"  Sub-section (f), by contrast, describes how the government may prove "[s]ignature or other authority" over "a financial account[]" -- but not over "a bank [or] securities account[.]"  Accordingly, under the expressio unius canon of construction, sub-section (f) excludes "bank [and] securities account[s]".

It follows that the government here cannot invoke the "signature or other authority over" prong in sub-section (f), because this case does not involve a "financial account."  That term finds its definition in sub-section (c)(3), but the government here has no non-frivolous contention that the account to which the government points in this case, at ICBC, meets that definition.

27

Accordingly, in this case, the government can prove the offenses charges in Counts Five and Six only if it can prove that Professor Lieber had "[a] financial interest" in the account, within the meaning of sub-section (e).

NEVERTHELESS, IN THE ALTERNATIVE, PROFESSOR LIEBER SUBMITS THE FOLLOWING PROPOSED JURY INSTRUCTIONS, WHICH ASSUME THAT BOTH SUB-DIVISION (e) AND SUB-DIVISION (f) APPLY.

*       *       *

Count Five of the indictment alleges that Professor Lieber willfully failed to file a report a foreign bank account on or before June 30, 2015, for the 2014 calendar year.

Count Five of the indictment alleges that Professor Lieber willfully failed to file a report regarding a foreign bank account on or before July 30, 2016, for the 2015 calendar year.

To prove the crimes charged in these Counts, the government must prove beyond a reasonable doubt each of the following four elements.

First, that Professor Lieber was a United States person during the calendar year specified in the count.

Second, that Professor Lieber had a financial interest in, or signature or other authority over, a bank account in a foreign country during the calendar year specified in the count.

Third, that the aggregate value of any such account exceeded $10,000 during the calendar year specified in the count.

Fourth, that Professor Lieber willfully failed to file a report, on or before the due date, disclosing that he had a financial interest in, or signature or other authority over, the bank account in the foreign country.

I will now provide you with further instructions on each of these elements.

Authority:  Adapted from Sand, Instr. 50B-7.

**PROPOSED JURY INSTRUCTION NO. 26**
**FAILURE TO FILE FBAR:  FIRST ELEMENT –**
**UNITED STATES PERSON**

The first element that the government must prove beyond a reasonable doubt is that Professor Lieber was a "United States person" during the calendar year specified in the count.

For the purposes of Counts Five and Six, the term "United States person" means a citizen or resident of the United States.

Authority:  Modified from Sand, Instr. 50B-9; O'Malley, § 16:3; *United States v. DiTommaso*, 817 F.2d 201, 218 (2d Cir. 1987); 31 C.F.R. 1010.350(f).

**PROPOSED JURY INSTRUCTION NO. 27**
**FAILURE TO FILE FBAR: SECOND ELEMENT –**
**FINANCIAL INTEREST IN FOREIGN FINANCIAL ACCOUNT**

The second element that the government must prove beyond a reasonable doubt is that Professor Lieber had a financial interest in, or signature or other authority over, a bank account in a foreign country during the calendar year specified in the count.

For the purposes of this case, a United States person has a "financial interest" in a foreign-country bank account "for which he is the owner of record or has legal title whether the account is maintained for his own benefit or for the benefit of others."  Therefore, to prove "financial interest" by this means, the government must prove, beyond a reasonable doubt, that Professor Lieber is the owner of record or has legal title to the bank account in the foreign country.

"Signature or other authority over" a foreign-country bank account means "the authority of an individual (alone or in conjunction with another) to control the disposition of money, funds, or other assets held in a financial account by direct communication (whether in writing or otherwise) to the person with whom the financial account is maintained."  Therefore, to prove a "financial interest" by this means, the government must prove, beyond a reasonable doubt, that Professor Lieber had the authority, alone or in conjunction with another, to control the disposition of money held in the bank account by direct communication to the bank.

Authority:  Adapted from the text of 31 U.S.C. § 1010.350; Sand, Instr. 50B-10; O'Malley § 16:3; *United States v. DiTommaso*, 817 F.2d 201, 218 (2d Cir. 1987); 31 C.F.R. 1010.350(f).

**PROPOSED JURY INSTRUCTION NO. 28**
**FAILURE TO FILE FBAR:  THIRD ELEMENT –**
**AGGREGATE VALUE EXCEEDS $10,000**

The third element that the government must prove beyond a reasonable doubt is that the

aggregate value of the foreign bank account exceeded $10,000 during the calendar year specified

in the count.

**PROPOSED JURY INSTRUCTION NO. 29**
**FAILURE TO FILE FBAR:  FOURTH ELEMENT –**
**WILLFULLNESS**

The fourth element that the government must prove beyond a reasonable doubt is that Professor Lieber acted willfully in failing to file the report.

A "willful" violation of this reporting requirement can only occur if the government proves beyond a reasonable doubt that Professor Lieber knew of the reporting requirement and acted with the specific intent to violate that requirement.  Therefore, to prove this element, the government must prove that Professor Lieber had knowledge of the reporting requirement and acted voluntarily, intentionally, and with bad purpose, either to disobey or disregard the law, by not filing the report as required.

Authority:  *Ratzlaff v. United States*, 510 U.S. 135, 141-49 (1994); *Bryan v. United States*, 524 U.S. 184, 194-95 (1998); Modified from Sand, Instr. 50B-11; O'Malley, § 16:3; *United States v. DiTommaso*, 817 F.2d 201, 218 (2d Cir. 1987); 31 C.F.R. 1010.350(f).

## PROPOSED JURY INSTRUCTION NO. 30
## DEFENSE THEORY OF THE CASE

*Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, Professor Lieber may request an instruction on his defense theory of the case. Professor Lieber reserves the right to submit the requests at the close of trial.*

\* \* \* \*

Authority:  *Mathews v. United States*, 485 U.S. 58, 63 (1988) ("As a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor."); *United States v. GAF Corp.*, 928 F.2d 1253, 1262 (2d Cir. 1991) ("This Court has repeatedly recognized a criminal defendant's right to a jury charge which reflects the defense theory.").

34

## **<u>CERTIFICATION OF SERVICE</u>**

I hereby certify that on December 5, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


Dated: New York, New York
          December 5, 2021

                                                                   /s/ Marc L. Mukasey
                                                                  Marc L. Mukasey
                                                                  Mukasey Frenchman, LLP
                                                                  570 Lexington Avenue, Suite 3500
                                                                  New York, NY 10022
                                                                  Tel: (212) 466-6400