UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) ) | Case No. 20-cr-10111-RWZ |
| CHARLES LIEBER, | ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT'S TRIAL BRIEF**

Defendant Charles Lieber respectfully submits this brief in connection with the trial of

the captioned matter.

**Case Summary**

Professor Lieber has pleaded not guilty to Counts One through Six of the Superseding

Indictment, and submits, among other things, that the government will be unable to prove, as to

each and every count, that he acted knowingly, intentionally, or willfully, or that he made any

material false statement.  Professor Lieber hereby incorporates into this Trial Brief *Defendant's*

*Motion In Limine To Preclude: (1) Unsigned, Unexecuted, Draft Documents Purportedly*

*Relating To China's Thousand Talent Program; (2) Expert Testimony Relating To China's*

*Thousand Talent Programs And The Draft Documents; And (3) Chinese-To-English Translations*

*Of Documents And Tangible Items* [ECF 196], *Defendant's Motion In Limine To Preclude*

*Evidence Pursuant To Federal Rules of Evidence 403 and 404(b)* [ECF 201], and *Defendant's*

*Request To Charge* [ECF 207].

The government intends to present a case that is centered around witnesses who are in

China, and years' worth of conduct that is not charged in the Superseding Indictment.  To be

1

specific, the government's proposed exhibit list includes at least 175 documents, comprised of approximately 123 email exchanges.  Of those 123 email exchanges, approximately 93 email exchanges appear to reflect communication between Professor Lieber and an email address that cannot be attributed to *any* individual on the government's witness list.  Of those 93 emails exchanges, approximately 65 email exchanges reflect communications between Professor Lieber and an individual in China.[1]

Professor Lieber submits that the Confrontation Clause of the Sixth Amendment of the Constitution and the Federal Rules of Evidence, as applicable, will require that this Court exclude many, if not most, of these emails.  Among other things, these emails present serious authentication issues and hearsay problems.  The sheer volume of these "witness-less" emails are beyond the reach of any limiting instruction.

Finally, the government not clearly identified which emails and/or statements within the emails it seeks to offer under an alternative theory of admissibility. The government simply states that "many emails will not be offered for the truth of the matters asserted in the emails," "select third-party emails [will be offered] as adoptive admissions," and that "it seeks to admit several email exhibits as verbal acts."  [ECF 208].  Such blanket assertions threaten to abrogate Professor Lieber's constitutional rights, and otherwise unduly prejudice him.

## Conclusion

Professor Lieber welcomes further discussion and/or oral argument on any of the foregoing points.

Respectfully submitted,

By:  /s/ Marc L. Mukasey
Marc L. Mukasey (*pro hac admitted*)

---

[1] Numbers are approximate, based on the Government's most recent document production.

Torrey K. Young (BBO# 682550)
Catherine M. Deist (*proc hac admitted*)
Stephanie Guaba

MUKASEY FRENCHMAN, LLP
570 Lexington Avenue, Suite 3500
New York, New York 10022
(212) 466-6400

*Counsel for Defendant Charles Lieber*

### CERTIFICATION OF SERVICE

I hereby certify that on December 7, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Dated:  New York, New York
        December 7, 2021

   /s/ Marc L. Mukasey
Marc L. Mukasey
Mukasey Frenchman, LLP
570 Lexington Avenue, Suite 3500
New York, NY 10022
Tel: (212) 466-6400