UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 1:20-CR-10111-RWZ

UNITED STATES OF AMERICA

v.

CHARLES LIEBER

ORDER

December 13, 2021

ZOBEL, S.D.J.

Defendant has filed two motions *in limine* (Docket ## 196, 201).

I. **Defendant's Motion *in Limine* to Preclude Certain Evidence and Expert Testimony (Docket # 196)**

A. Request to preclude an unsigned, unexecuted draft document purportedly related to China's Thousand Talents Program (# 1).

DENIED. The challenged evidence may be admitted, *de bene esse*, for purposes of showing state of mind, knowledge, intent, or other exception to the Federal Rules of Evidence's prohibition against hearsay.

B. Request to preclude the expert testimony of Dr. Barry Naughton (# 2).

ALLOWED. The government asserts that Dr. Naughton's proffered testimony—regarding "the origin, purpose, scope and implementation of the Thousand Talents Program"—is "critical context to the jury's basic understanding of what the Thousand Talents Program is" and "why" Defendant's statements at issue in this case "were capable of influencing" the government agencies to whom they were made. Docket # 200 at 10. However, the proffered context of the Thousand Talents Program is not

1

required for the jury to understand the evidence or to decide the issue of materiality. Fed. R. Evid. 702(a) (permitting expert testimony if "the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"); 1972 Advisory Comm. Notes to Fed. R. Evid. 702 (noting that expert testimony is inappropriate when an "untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute," and when such expert opinion would be "unhelpful" and "a waste of time").

    C. <u>Request to preclude Chinese-to-English translations of certain documents and things (# 3).</u>

The relevance of this evidence is unclear at this stage of the proceedings, and, accordingly, ruling on this request is deferred to trial.

II. **Defendant's Motion *in Limine* to Preclude Evidence Pursuant to Federal Rules of Evidence 403 and 404(b) (Docket # 201)**

    A. <u>Requests to preclude (1) statements to Jeremy Bloxham and others at Harvard in and around January 2015 concerning Wuhan University of Technology ("WUT") and the Harvard-WUT Joint Nano Laboratory, (2) statements by Defendant to the Defense Criminal Investigative Service on April 24, 2018, and (3) statements by Defendant to Harvard University officials between approximately November 30, 2018 and January 10, 2019 concerning WUT and China's Thousand Talents Program (## 1, 2, and 3).</u>

DENIED at this stage of the proceedings.

    B. <u>Request to preclude Defendant's financial conflict of interest disclosure forms submitted to Harvard University (# 4).</u>

ALLOWED.

    C. <u>Requests to preclude the "Contract for Strategic Scientist's Appointment" and "Academic Cooperation Agreement" (## 5 and 6)</u>

The relevance of this evidence is unclear at this stage of the proceedings, and, accordingly, ruling on these requests is deferred to trial.

D. <u>Requests to preclude specific e-mail communications between Defendant and the Chinese Academy of Sciences in or around August 2015 and between Defendant and ShanghaiTech University in or around June 2015 (## 7 and 8).</u>

ALLOWED.

<u>    December 13, 2021    </u>  
         DATE

_____  
RYA W. ZOBEL  
UNITED STATES DISTRICT JUDGE

3