UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 20-cr-10111-RWZ |
| CHARLES LIEBER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MEMORANDUM OF LAW**
**IN SUPPORT OF THE ADMISSIBILITY OF INTERVIEW NOTES**

Defendant, Charles Lieber, by and through his counsel, respectfully submits this

Memorandum of Law in support of the admissibility of certain notes taken when he was

interviewed by DCIS agents and Harvard representatives.

**I.     Background**

This Memorandum addresses the admissibility of evidence that Professor Lieber will

offer in defense of Counts One and Two, which charge Professor Lieber with violating 18 U.S.C.

§ 1001(a)(2).  Count One alleges:

> [O]n April 24, 2018, Professor Lieber made a false statement to the DOD's
> Defense Criminal Investigative Service ("DCIS") when he stated that **"he was
> never asked to participate in China's Thousand Talents Program,** but that he
> 'wasn't sure' how China categorized him" when in fact, Lieber previously had
> been asked by representatives of Wuhan University of Technology ("WUT") in
> China to participate in China's Thousand Talents Program, and in or about July
> 2012, signed a three-year contract with WUT entitled 'Employment Contract of
> One Thousand Talent' High Level Foreign Expert.' (ECF 35).

Count Two alleges:

> [O]n or about January 10, 2019, Professor Lieber [caused] Harvard to tell the
> [National Institute of Health] that he "'**[wa]s not and has never been a
> participant'** in China's Thousand Talents Program, when, in fact, Lieber had
> signed a three-year Thousand Talents Agreement with WUT entitled

'Employment Contract of One Thousand Talent' High Level Foreign Expert in or about July 2012." (ECF 35).

The false statement charges on Counts One and Two resulted from interviews of Lieber by a pair of DCIS agents (Count One) and a pair of Harvard representatives (Count Two). Neither interview was audio- or video-recorded or stenographically transcribed.  Rather, in both interviews, one person served as Professor Lieber's interrogator, while the other took contemporaneous notes.  In the case of Count One, a formal DCIS report was also prepared based on the notes.

The defense intends to offer into evidence the contemporaneous notes taken during both interviews and the formal DCIS report of interview. [████████████████████████████ ████████████████ (collectively, the "Notes")].

## II. Argument – The Notes Are Admissible As Substantive Evidence

The Notes are admissible as substantive evidence, for the following two reasons.

**First**, the Notes are not hearsay.  The defense will not offer the Notes "to prove the truth of the matter asserted" in the Notes, Fed. R. Evid. 801(c)(2), but rather to show what the Notes included or excluded.

Thus, for example, the Notes contain the following question posed to Professor Lieber during the DCIS interview: "████████████████████████████████"  The Notes, however, show no answer (by Professor Lieber) to that question.  The Notes are therefore relevant because they tend to show that Professor Lieber did not make a "statement," much less a "false statement," as required for conviction under Section 1001(a)(2).  The Notes are not hearsay because Professor Lieber offers them not for the truth of what the Notes say, but to show what the Notes *do not say*.

2

The Notes also betray a mismatch between the words in the Notes and the charges in the Indictment. For example, the Notes state: "█████████████████████████████████ ██████████████████████████████" The Indictment, by contrast, charges that Lieber stated categorically that "he was never asked" to participate. [ECF 35]. That mismatch is relevant because it tends to show that Professor Lieber did not make the more categorical statements charged in the Indictment ("he was never asked to participate"), and therefore did not make a "statement" that was "false," as required for conviction under Section 1001(a)(2). The Notes are not hearsay because the defense offers the Notes not for truth of what the Notes say, but to show what the interviewer asked Professor Lieber and what Professor Lieber said.

**Second**, the Notes, although they constitute extrinsic evidence, are admissible under the common law doctrine of impeachment by contradiction. *See United States v. Perez*, 72 F.3d 224, 227 (1st Cir. 1995) (recognizing this common law doctrine). Under this doctrine, extrinsic evidence is admissible if the evidence "contradicts [or controverts] a witness's factual testimony[;]" Weinstein, *Federal Evidence* § 608.20 (2021); or tends to show that the witness's testimony is false, and not solely that the witness lacks credibility. *Id*. *See United States v. Mulinelli*, 111 F.3d 983, 988 (1st Cir. 1997) (extrinsic evidence admissible if it tends to establish a fact of consequence on the merits, or if it is "material to [defendant's] guilt or innocence"); *United States v. Delgado*, 744 F.3d 167, 179-82 (1st Cir. 2014) (reversible error to exclude extrinsic evidence that "goes to substantive issues" or "negat[es] a defendant's guilt"); *United States v. Catalan*, 585 F.3d 453, 478 (1st Cir. 2009) (extrinsic evidence inadmissible "unless the contradiction is material to the merits of the case") (two-Judge concurring opinion, which therefore constitutes the decision of the Court on this issue).

Here, the Notes go to far more than the credibility of the testifying DCIS agent or Harvard witness.  Rather, as shown above, the Notes tend to disprove two elements of the charged crime -- statement and falsity.  The Notes therefore go to the merits of the case and are material to guilt or innocence.

Finally, Rule 608(b) does not apply. "Impeachment by contradiction is a recognized mode of impeachment not governed by Rule 608(b) . . . but by common law principles." *Perez*, 72 F.3d at 227.  *See Delgado*, 744 F.3d at 179 (holding Rule 608(b) inapplicable to evidence offered for general impeachment purposes, such as contradictions of a party's "story").

## III.   Conclusion

For the foregoing reasons, the Notes are admissible as substantive evidence.

Respectfully submitted,

By:   /s/ Torrey K. Young
Marc L. Mukasey (*pro hac admitted*)
Torrey K. Young (BBO# 682550)
Catherine M. Deist (*pro hac admitted*)
Stephanie Guaba (*pro hac admitted)*

MUKASEY FRENCHMAN, LLP
570 Lexington Avenue, Suite 3500
New York, New York 10022
(212) 466-6400

*Counsel for Defendant Charles Lieber*

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on December 14, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Dated: Boston, Massachusetts
         December 14, 2021

                                        /s/ Torrey K. Young
                                        Torrey K. Young
                                        Mukasey Frenchman, LLP
                                        570 Lexington Avenue, Suite 3500
                                        New York, NY 10022
                                        Tel: (212) 466-6400