

570 Lexington Avenue, Suite 3500
New York, NY 10022

Kenneth A. Caruso
Special Counsel
212-466-6401
Ken.caruso@mfsllp.com

May 13, 2022

**VIA ECF**

The Honorable Rya W. Zobel
United States District Judge
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02110

> Re:   **United States v. Lieber, 20-CR-10111 (RWZ)**
>         **Notice of Supplemental Authority**

Dear Judge Zobel:

        We represent the defendant in this case, Professor Charles Lieber.  We write to bring to the Court's attention certain supplemental authority -- *United States v. Toth*, No. 21-1009 (1st Cir. April 29, 2022), decided after the Court heard oral argument on the motions now pending in this case.

        On our pending Rule 29 motion, we argue (among other things) that the Treasury regulation on which the government relies in this case, 31 C.F.R. § 1010.350 (the "Regulation"), is void because it is inconsistent with the statute on which the government relies, 31 U.S.C. § 5314(a), which is part of the Bank Secrecy Act (the "BSA").  More specifically, we argue that the Regulation, promulgated in 1977, requires a U.S. person to report a "relationship" with a foreign bank.  The statute, by contrast, enacted in 1982, requires a U.S. person to report a "transaction" with a foreign bank.  A "transaction" and a "relationship" are different things; the latter reaches much further than the former.  This portion of our argument concludes:

> "It is well-settled that when a regulation conflicts with a subsequently enacted statute, the statute controls and voids the regulation."  *Kahn*, 5 F.4th at 175, quoting *Norman v. United States*, 942 F.3d 1111, 1118 (Fed. Cir. 2019).

ECF 259 at 17.[1]

---

[1] The full cite for *Kahn* is *United States v. Kahn*, 5 F.4th 167 (2d Cir. 2021).

The Hon. Rya W. Zobel
May 13, 2022
Page 2

In *Toth*, the defendant failed to file a report of her foreign bank account.  After an audit, the Internal Revenue Service (the "IRS") found that failure willful, and imposed a penalty of more than $2 million.  When the defendant refused to pay, the government commenced a civil action to recover the penalty.

The district court granted summary judgment in favor of the government.  On appeal, the defendant challenged the amount of the penalty, contending that a Treasury regulation, promulgated in 1987, capped the maximum penalty at $100,000.  The First Circuit rejected that contention, holding that the IRS and the district court had correctly applied certain legislation, enacted after 1987, which raised the maximum penalty above $100,000.  The 1987 regulation conflicted with those later enactments of the BSA.  The regulation, therefore, did not "remain[] operative in the face of the statutory changes . . . made after the regulation's issuance." *Toth*, Opinion at 21; *see id*. at 22 (holding that "the statutory amendments . . . superseded the regulation[]").

*Toth* thereby adopted the rule of law that we urge here on behalf of Professor Lieber: "It is well settled that subsequently enacted or amended statutes supersede prior inconsistent regulations."  *Toth*, Opinion at 25, quoting *Norman*, 942 F.3d at 1118.  Indeed, *Toth* cites both *Kahn* and *Norman*, which we cited in our brief, and quotes *Norman*, using language that is substantively identical to the language that we quoted in our brief.

To be sure, *Toth* differs from our case:  In *Toth*, the defendant urged that the (earlier) regulation *was not* superseded by the (later) statute; here, by contrast, Professor Lieber urges that the (earlier) Regulation *was* superseded by the (later) statute.  This difference, however, does not distinguish *Toth*, which adopts a neutral principle, which we urge here:  When a regulation conflicts with a later statute, "the statute controls and voids that regulation."  ECF 259 at 17 (internal quotation marks omitted).

Respectfully submitted,

 /s/ Kenneth A. Caruso
Kenneth A. Caruso

cc:    All Counsel (by ECF)

**CERTIFICATION OF SERVICE**

I hereby certify that on May 13, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated:  New York, New York
        May 13, 2022

                                        /s/ Kenneth A. Caruso
                                        Kenneth A. Caruso
                                        MUKASEY FRENCHMAN LLP
                                        570 Lexington Avenue, Suite 3500
                                        New York, New York 10022
                                        Tel: (212) 466-6400