UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 20-CR-10111-RWZ |
| ) | |
| CHARLES LIEBER, ) | |
| Defendant. ) | |

**ASSENTED-TO MOTION TO AMEND THE JUDGMENT**
**PURSUANT TO RULE 36**

The United States of America, by its attorney, Joshua S. Levy, Acting United States Attorney for the District of Massachusetts, and defendant, Charles Lieber (the "Defendant"), through his counsel, respectfully moves this Court to amend the judgment pursuant to Federal Rule of Criminal Procedure 36 to correct certain clerical omissions.

Federal Rule of Criminal Procedure provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."   The United States believes that each of these requested corrections falls with the scope of Rule 36.

On May 8, 2023, the Court sentenced the Defendant to two years of supervised release, and ordered a special assessment of $600, a $50,000 fine, and $33,600 in restitution.   *See* Doc No. 313.   At the sentencing, the Court ordered restitution to be paid to the Internal Revenue Service. *See* April 26, 2023 Sentencing Transcript at pp. 5, 6, 48-50.

In the "Criminal Monetary Penalties" section of the judgment there are two inadvertent clerical errors.

First, although the Judgment, on page 6, indicates that the Defendant is ordered to pay restitution in the amount of $33,600, no payee is named to whom the restitution should be paid. The Defendant has paid this amount to the Clerk of Court.   The United States District Court

Clerk's Finance Office, however, has informed the government that without a victim being identified in the "payee" section of the Judgment, the Clerk's Finance Office is unable to disburse the funds to the Internal Revenue Service. Accordingly, the United States, with the Defendant's assent, requests that the Judgment be amended to reflect that the payee for restitution is the "Internal Revenue Service."

Second, the $50,000 fine is not listed under "fine" in the criminal monetary penalties section on page 6 of the Judgment. Instead, it is listed on page 5 of the Judgment under the "Additional Supervised Release Terms." The government, with the Defendant's assent, requests that the Court enter an amended judgment referencing that a fine was ordered on page 6.

Because these clerical omissions were inadvertent, the Court may correct them "at any time" pursuant to Rule 36, and Rule 35(a)'s 14 day limit to modify the Judgment does not apply.

Wherefore, the United States, with the Defendant's assent, respectfully moves that the Judgment be amended to include (1) the $50,000 fine under "Criminal Monetary Penalties" and (2) to list the "Internal Revenue Service" as payee in the "Criminal Monetary Penalties" section so payment can be disbursed to the victim.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By: /s/ *Carol E. Head*
CAROL E. HEAD
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
carol.head@usdoj.gov

Date: August 23, 2023